## Case No. 2,108.

### BUERK v. IMHAEUSER et al.

[2 Ban. & A. 465;[1] 11 O. G. 112.]

Circuit Court, S. D. New York.    Nov. 11, 1876.

PATENTS—PRESUMPTION OF VALIDITY—INFRINGEMENT—WHAT CONSTITUTES.

1. A patented article is presumed to be patentably different from articles covered by other patents, and a strong and obvious case of infringement is necessary before the court will consider it as covered by a decree in another suit in which its structure had not been under consideration.
[Cited in Truax v. Detweiler, 46 Fed. 119.]

2. In an accounting, the sale of a portion of, or matter ancillary to, an article which has infringed a patent, does not constitute a fresh infringement, when the sale of the article itself is already charged for in the account.

3. Where the complainant's patent covered a time-detector, and the defendants had been charged in the accounting with selling the de-

tector, to be used with which they afterwards sold dials: *Held*, that, under the circumstances, the sales of the dials were not an infringement for which they should be further charged.

[In equity. Suit by Jacob E. Buerk against William Imhaeuser, Theodore Kahn, and Charles Keinath for infringement of letters patent No. 48,048, for an "improvement in watchman's time detectors," issued to complainant, as assignee of John Buerk, January 1, 1861, reissued August 22, 1865, and again reissued March 8, 1870, and numbered 3,869. There was a decree for an injunction, and an accounting. Case No. 2,106. Complainant moved to punish the defendant Imhaeuser for contempt in violating the injunction, and the motion was granted.

[For hearing upon exceptions to the master's report on the accounting, see Case No. 2,107; and, for denial of defendant's motion for a new trial, see Id. 2,107a.]

J. Van Santvoord, for complainant.
A. v. Briesen, for defendants.

JOHNSON, Circuit Judge. The watchman's time detector bought by Gould in May, 1875, from Imhaeuser & Co., was not the same kind of instrument which was adjudged in this suit to be an infringement of the plaintiff's patent. It was made under the sanction of letters patent of the United States dated October 20, 1874, and numbered 156,098. It must be presumed to be patentably different from the detectors covered by other patents, and a strong and obvious case of infringement beyond all question, or mere colorable difference would be necessary to make it proper for the court to consider the instruments as covered by a decree in another suit, in which its structure had not been in issue nor the subject of examination. Liddle v. Cory [Case No. 8,338]. The motion cannot be granted, so far as that branch of it is concerned.

In regard to the six detectors sent to the Milwaukee Railroad, there was undoubtedly a technical breach of the injunction, but the defendant, Imhaeuser, as soon as he was advised by his counsel, took steps to have them returned. This was before the examination under the decree, and, of course, before any proceeding by the plaintiff, who was ignorant of the fact until it was disclosed on Imhaeuser's examination. These watches are reported by the master as among those on hand at the time of the accounting, and it appears that they have been actually returned, and the sale rescinded. The defendant will be sufficiently punished by the infliction of a fine of fifty dollars to cover the costs and expenses incurred by the plaintiff in his proceedings for the contempt.

In regard to the paper dial which the defendants appear to have furnished for the detectors which they had sold before the accounting, and for which clocks they are

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

charged in the accounting, I think no new infringement has taken place. The dials are not patented, any one can print and sell them, and the sale of them can only be injurious to the rights of the plaintiff, as making out, coupled with the sale of the rest of the instruments, an act of infringement. It was in this view that Wallace v. Holmes [Case No. 17,100], was decided, in which it was held that a patent for a combination could not be evaded by different persons selling each a different part of the combination with the view of their being used together by the purchaser.

In this case the whole sale of detectors and dials made one infringement, not two, and for this the defendant is charged in the accounting. These charges of contempt are all that are relied on in the plaintiff's brief, and nothing is made out except as to the six detectors sent to the Milwaukee Railroad. The motion in that regard must be granted, unless the defendant pays to the plaintiff's solicitors the fine above mentioned; but upon the payment of that fine within ten days from notice of this order, the order for attachment is discharged.