Benedict, D. J.
This is a motion for an attachment against the defendant to punish an alleged contempt in making and selling a certain form of lemon-squeezers, the making *569 or selling of which was forbidden by a temporary injunction of this court. The injunction referred to described with particularity and detail the machine to which it was intended to apply. It is not pretended that the defendant has, since the issue of the injunction, made or sold any machine precisely similar to the machine described in the injunction. On the contrary,- it is conceded that the machine complained of differs from the machine described in the injunction in this, that the movable bed upon which the lemon rests while being pressed is not perforated, and its surface is formed into grooves, so arranged, in connection with what is termed a concentrator, as to permit the juice of the lemon to pass to and around the edge of the bed, instead of through the perforations in the bed.
But it is contended that this alteration is merely a color-able device intended to evade the injunction. The plaintiff’s patent is for a combination of old elements, one of which is a perforated bed. The machine complained of contains no perforated bed. The present motion cannot, therefore, be decided in favor of the plaintiff without determining the question whether the non-perforated, corrugated bed in the machine complained of performs the same function as the non-corrugated, perforated bed in the plaintiff’s combination. The moving papers show this question to be presented by the motion, and it is one not passed on when the temporary injunction was granted. Furthermore, it is made to appear by the defendant that a patent has been issued to him for the machine now complained of. Under such circumstances the defendant must be upheld in his contention that the question raised by the new machine cannot be presented by a motion for an attachment for contempt. It is true, that at the time of doing the act complained of the defendant had not obtained his patent, but the subsequent action of the patent-office in granting the new patent affords ground for the-defendant to insist that the alteration made in the bed was not so plainly colorable as to entitle the plaintiff to an attachment against him for contempt.
The motion is, accordingly, denied.