## MATTHEWS *v.* SPANGENBERG.

*(Circuit Court, S. D. New York.* February 1, 1883.)

PATENTS FOR INVENTIONS—VIOLATION OF INJUNCTION.

Where defendant has been guilty of a contempt in disregarding the injunction of the court, but the act of contempt does not appear to be at all willful or defiant, but merely the exercise of a supposed right under advice taken and given in good faith, it does not deserve punishment as such, but he should make the orator whole as to the damages sustained thereby.

In Equity.

*A. v. Briesen,* for orator.

*Philip Hathaway,* for defendant.

WHEELER, J. This cause has now been heard upon motion of the orator for an attachment against the defendant for an alleged violation of the injunction heretofore granted, restraining the defendant from infringing letters patent, reissued No. 9,028, granted to the orator, dated January 6, 1880, for a soda-water apparatus. On the papers it appears that the defendant has continued the use of an apparatus called the Gee Invincible apparatus, which was at the hearing in chief adjudged to be an infringement, except that he has not used the parts which draw syrup; and that he has paid to the orator the damages found by the master to have been sustained by use of this apparatus by the defendant. It is argued for the defendant that this payment has freed the use of this machine from the operation of the patent. The damages recovered by the orator are not for a sale for use, which would probably free the whole use, nor for the use now complained of, which would probably be a satisfaction for that use and entitle the defendant to have it, but were for a prior use of the infringing device, and made satisfaction only for that use. The use complained of has not been paid for, and is not justified by the payment made for something else.

A part of the patent is for that part of the apparatus for containing and drawing the syrups; and a part for that part containing and drawing the waters. As the defendant has not, since the injunction, used the former part, he has not infringed that part of the patent. The qualities of the liquids have nothing to do with the working of either part. The syrups could any of them be contained and drawn in the parts for the waters, and the waters in the parts for syrups, as well as in the parts assigned to them in use, so far as the liquids themselves are concerned. The patent is not for storing and draw-

ing particular liquids, but is for apparatus for storing and drawing liquids in particular modes.

As to that part of the patent which covered apparatus for the waters and was held to be valid, the defendant infringes it, although he does not use the other part. The sixth claim of the patent is for a combination of parts. It would not be infringed but by use of that combination. The parts drawing syrups enter into the combination in the same way, and have there the same office that the corresponding parts drawing waters do. The use of either is the use of the combination, without the use of the other. The defendant, by using those parts for drawing waters, has used so much of the patented invention. He must, therefore, on this showing as presented, be adjudged guilty of a contempt.

The act does not appear to have been at all willful or defiant, but merely the exercise of a supposed right under advice, taken and given in good faith, and is not considered to deserve punishment as such. He should merely make the orator whole.

The defendant is adjudged guilty of the contempt charged, and is sentenced therefor to pay the damages sustained by the orator thereby, to be ascertained by the master, to the orator, with the costs of these proceedings.