## HAYES *v.* BICKELHOUPT.

*(Circuit Court, S. D. New York.* March 7, 1885.)

1. PATENTS FOR INVENTIONS—SKY-LIGHTS AND VENTILATORS—INFRINGEMENT.
   *Held,* on rehearing, that claims 2 and 3 of reissued patent No. 8,688, and claim 3 of 8,689, are valid, and have been infringed by defendant. S. C. 21 FED. REP. 567.

2. SAME—COSTS.
   *Held, further,* that as complainant prevails, on account of a disclaimer filed since suit brought, and fails as to a large part of his case, he is not entitled to costs.

In Equity.

*Livingston Gifford,* for orator.

*Arthur v. Briesen,* for defendant.

WHEELER, J. This cause has been before heard and considered. *Hayes* v. *Bickelhoupt,* 21 FED. REP. 567. A rehearing has been granted and had as to the second claim of reissue 8,675, the second and third claims of 8,688, and the second and third claims of 8,689, on account of mistake of models of patent for those relied upon to show infringement, and of error in reference to former decisions upon the same patents. It was said by Judge BENEDICT, in *Hayes* v. *Seton,* 12 FED. REP. 120, that the second claim of 8,675 appeared to be for the same invention described in the original patent. He states no comparison of this claim of the reissue with those of the original. Its basis must be the first claim of the original. That is for an arrangement and this for a combination of parts. There are parts in each not mentioned in the other. They may be said to appear to be the same, by considering the parts specified in the claim of the reissue, and not mentioned in the claim of the original, as implied from the specification of the original into the claim, by the words, "as specified," in the claim. What is said there as to infringement of this claim indicates this construction. A moulding secured by rivets, bolts, etc., to form a brace, is one of the elements of the combination of the reissue not specified as such in the arrangement of the original. The alleged infringement did not have that, and it was held not to be an infringement. The alleged infringement here does not appear to have that, and does not appear to be an infringement. Construed to cover the infringement, the reissue would depart from the original, and constructed to follow the original it does not appear to be infringed.

Claim 2 of 8,688 appears to be identical with claim 1 of the original, and has once been held valid, in view of the alleged anticipating devices. *Hayes* v. *Bockel,* 11 FED. REP. 87. It was held not to be infringed because the gutters were not under cover of the bases which supported the glass in *Hayes* v. *Seton, supra,* and *Hayes* v. *Dayton,* 20 FED. REP. 690. Here the alleged infringement has the

gutters under those bases where they will not obstruct the light of themselves according to the patent. Following these prior decisions, this claim is held by the court now to be valid and to be infringed. The disclaimer reduces claim 3 of 8,688 to the same as that of the original. Question is made about the propriety of the disclaimer now. It is in the case. No motion has been made to suppress it, nor for leave to take testimony to meet it. It is said that the bill should have been amended to make it admissible, or to adapt the case to it; but that does not appear to be necessary. The claim before the disclaimer was for alternatives, and the disclaimer dispenses with one of them. A bill that would cover both would cover the one left. The claim as it was in the original, and now is, is for a clip of sheet-metal for supporting the ends of abutting glasses in a sky-light by being bent to form a groove for the upper edge of the lower glass, a rabbet to support the lower edge of the upper glass, and a gutter for water from the inner surface of the upper glass. A prior patent to the plaintiff is relied upon as an anticipation, but it does not meet this clip. This claim appears to be valid. The principal point in respect to infringement is made upon the fact that the defendant's clip is made of two pieces of sheet-metal bent so as to join and form the clip, while the patent describes only piece of sheet-metal bent so as to form the clip. This difference does not, however, seem to be material. It pertains to the workmanship rather than to the structure, and when the two things are done they amount to the same thing. The defendant does not have the covering strips of claim 2 of 8,689, arranged to straddle the posts, as specified in the patent, and consequently does not infringe that claim. Claim 3 of that patent appears to stand, in respect to validity and infringement, as at the former hearing.

It is urged that infringement has not been properly proved because no expert has been called to show and explain how the defendant's structures infringe the different claims of the patents, and many cases in which it is held that infringement must be proved have been cited. There can be no question but that infringement, if not admitted, must be proved by competent evidence. There does not appear to be any prescribed method of proof by experts, however. Explanations of matters not commonly or readily understood may be necessary, but when it is proved that the defendant has done what is plainly an infringement, further proof to establish the fact would not seem to be necessary. It is urged that the bill should be dismissed because it set forth that all the claims of all the patents were infringed in one structure to avoid multifariousness, and that this was denied in the answer and shown to be untrue by the proofs. But all the claims held to be valid and to be infringed are infringed by one structure, the Sherwood studio building, therefore this position is not tenable. The orator appears to be entitled to a decree that claims 2 and 3 of 8,688, and claim 3 of 8,689, are valid and have been infringed by the defendant, but not to costs, because he prevails on account of a dis-

claimer filed since the suit was brought, and also because he fails as to a large part of his case.

Let there be a decree for the orator for an injunction and an account, without costs, accordingly.