BATE REFRIGERATING CO. *v.* GILLETT and others.

*(Circuit Court, D. New Jersey.* April 30, 1887.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—BREACH.

Parties who have been enjoined from infringing a patent are guilty of contempt if they contribute to a fund to defray the expenses of a person contesting the validity of the patent, since they will not be allowed to do indirectly what they cannot do directly.

2. SAME—CONTEMPT—ABSENCE OF INTENT—PUNISHMENT.

The fact that they did not intend to violate the injunction, did not believe they were violating it, and acted on the advice of counsel, does not clear them of the contempt; though their disclaimer of intent to violate it will be considered by the court in imposing the punishment.

In Equity. Motion for attachment for contempt.

*Benjamin F. Butler,* for plaintiff.

*John R. Bennett,* for defendants.

WALES, J. The defendants, Benjamin W. Gillett, Morillo H. Gillett, and David H. Sherman, were enjoined from infringing letters patent No. 197,314, of November 20, 1877, by a decree of this court, made on the fourteenth day of November, 1881. The injunction was dissolved on September 29, 1882, and reinstated March 29, 1884; and on April 10, 1884, the writ was re-served on the defendants, with the exception of David H. Sherman, who, it is proved, had actual notice of the order and of the existence of the writ. In obedience to the injunction, they immediately ceased to make use of the complainant's process for preserving meat during transportation and storage, and returned to the old method; but, in the fall of 1882, they entered into an agreement with other shippers and exporters of meat, to contribute to a fund, at a certain fixed rate, for the purpose of making a common defense against all suits which should be thereafter instituted by the complainant against any one of the parties to the said agreement, for the infringement of the patent; believing, as they say, the patent to be void by reason of new defenses, among others, of prior use of the alleged invention, and which were not known to them at the time the decree was rendered in this suit. The moving papers show that a suit is now pending in the United States circuit court for the Southern district of New York, brought by the complainant against Joseph Eastman, for an infringement of this patent, and that the expenses of the defendant in that suit have been, or will be, paid, in whole or in part, out of this common fund. It is also proved that, in pursuance of the agreement, these defendants have paid their proportional share of money to the fund from the time they signed the agreement, and they admit that they are still contributing such share, under the belief that they have a perfect right to do so, as they are advised; and that in so doing they have not violated, and have not intended to violate, the injunction.

On hearing a motion for contempt, the first inquiry always is, do the acts complained of constitute a violation of the injunction? The mo-

tives which impelled the acts, honestly mistaken conceptions of right to do them, or the erroneous advice of counsel, and all other excuses, may be properly considered only in awarding punishment, where the violation is clear and without doubt. It is needless to remark on the importance of exacting implicit obedience to the order of a court having jurisdiction of the subject-matter in dispute. Any relaxation of, or deviation from, the established practice 'of enforcing a compliance with such order, in its spirit and letter, would not only produce confusion and endless litigation, but would impair the authority and dignity of the court; and it is for these reasons, as well as to maintain the rights of the prevailing suitor, that enjoined parties are liable to punishment, even where they have innocently or mistakenly violated an injunction. 2 High, Inj. §§ 1416, 1417; Walker, Pat. § 708 *et seq.*

The combination formed by the agreement, which was entered into by the defendants, was and is avowedly for the purpose of contesting the validity of the complainant's patent, and, in carrying out that object, Eastman has been, and is now, openly and admittedly, infringing, and while doing so has received, and is still receiving, aid, assistance, and encouragement from the combination, being supported and indemnified, all the time, out of the common fund. The defendants are active members of the combination. They subscribe to its fund, and expect to participate in all the advantages and benefits which may flow from its use and appropriation. They are, under the shelter thus afforded, making a continued resistance to the complainant's rights under the patent, after this court has sustained its validity, and ordered them to refrain from any further infringement. Such conduct is in disobedience of the injunction in its spirit, if not in the letter. They are doing, indirectly, what they have been commanded not to do, either by themselves, or through the agency of others. They have waged a prolonged and unsuccessful contest in this court against the patent, and, as far as they are concerned, the question of the validity of the patent is *res adjudicata*, and they are estopped from making further opposition to it, except in accordance with the established rules of procedure in such cases. They have also been refused a rehearing on the ground of newly-discovered evidence, (see 12 Fed. Rep. 108;) and are now attempting, in an irregular way, to nullify the decree rendered against them, and are virtually disobeying the writ of injunction. It is impossible, in view of the evidence, to see wherein their acts differ, in principle, from direct and personal infringement. The practical effect of such acts is the same in either case. Where it is proved that what a party does is done for the purpose and with the intent of aiding infringement, he is liable under the doctrine of contributory infringement. *Snyder* v. *Bunnell*, 29 Fed. Rep. 47; *American Cotton-Tie Supply Co.* v. *McCready*, 17 Blatchf. 291; *Schneider* v. *Pountney*, 21 Fed. Rep. 399.

Nor will the fact of new evidence or defense, or the advice of counsel, justify the conduct of the defendants. They are bound to obey the injunction until it has been dissolved or modified; and they cannot be allowed to assume the province of the court, in determining whether it is

right or wrong. *Phillips* v. *City of Detroit*, 3 Ban. & A. 150; *Whipple* v. *Hutchinson*, 4 Blatchf. 190; *Hamilton* v. *Simons*, 5 Biss. 77. It does not follow, because Eastman may have the right to avail himself of the new evidence, if such there be, or to set up new defenses, that the defendants can be permitted to do so in this indirect manner. A breach of an injunction, amounting to contempt, may be committed even by aiding one who acts in an official capacity and under authority of law. *Woodward* v. *Earl Lincoln*, 3 Swanst. 626; 2 High. Inj. § 1435. The defendants must therefore be held in contempt, but, as they have disclaimed all intention to violate the injunction, and have, so far, purged themselves of a wanton and willful disobedience, the court will impose a nominal fine of $10 on each of them; and it is further ordered that they pay the costs of this motion, and a reasonable counsel fee.