FREESE *v.* SWARTCHILD.

SAME *v.* GLICKAUF *et al.*

(*Circuit Court, N. D. Illinois.* May 28, 1888.)

1. PATENTS FOR INVENTIONS — INFRINGEMENT — ROLLER-ABSTRACTOR FOR WATCHES.

Reissued letters patent No. 9,467, granted November 16, 1880, to Bernard Freese for "a roller-abstractor for watches," the fourth claim of which is "a roller-abstractor, having jaws adapted to receive and grasp the roller, and movable sliding spindle to engage with the staff of the balance-wheel, and a lever for operating the spindle," are, as to that claim, infringed by defendant's device, although the latter is not adapted to receive and grasp rollers of different sizes, as is complainant's.

2. SAME—ACTIONS FOR INFRINGEMENT—INTEREST TO MAINTAIN.

The fact that a patentee has given to a third party an exclusive license to manufacture and sell the tools covered by his patent, throughout the United States, the licensee to pay him a royalty on every tool manufactured, does not prevent the patentee from suing for an infringement by others.

In Equity. Bills for infringement of patent, brought by Bernard Freese against Samuel Swartchild and against Glickauf *et al.*

*Charles T. Brown,* for complainant.

*Kraus, Meyer & Stein,* for defendants.

BLODGETT, J. In these cases, which, by agreement of the parties, were tried upon the same proofs, complainant seeks an injunction and decree for an accounting by reason of the alleged infringement of reissued letters patent No. 9,467 granted November 16, 1880, to complainant for "a roller-abstractor for watches," the original patent having been granted April 10, 1877, and the application for reissue having been filed December 5, 1879. The patentee states the object of his invention is to provide an instrument by the use of which the roller can be easily removed from the balance-wheel of a watch, and which can be easily operated with one hand, and in the use of which injury to the parts will not be likely to occur, and states his device to consist "in two rigid jaws, pivoted to a handle, and combined with a sliding-collar and cross-bar for opening and closing the jaws; in pivoted jaws having extensions and combined with a sliding-bar, handle, and spindle; in pivoted jaws having extensions, and combined with a sliding-bar, sliding-spindle, and handle and lever, and in the movable sliding spindle to engage with the staff of the balance-wheel, said spindle being operated by means of a lever." The patent contains four claims, and infringement is only charged as to the fourth, which is:

"(4) In a roller-abstractor having jaws adapted to receive and grasp the roller, and movable sliding-spindle to engage with the staff of the balance-wheel, and a lever for operating the spindle, substantially as specified."

The first, second, and third claims of this patent cover the adjustable pivoted jaws, which are described in the specifications and drawings, and which make the tool applicable to rollers of different sizes, the jaws

being adjustable by means of rear extensions, and a clamp to hold them fixed at equal distances apart, as the operator may require; but the claim in controversy only includes a roller-abstractor, having jaws adapted to receive and grasp the roller, and a movable sliding-spindle to engage with the staff of the balance-wheel, and does not require the presence of the adjustable jaws covered by the first three claims. The defense interposed is non-infringement, and no proof is offered or issue made as to the patentability of the device shown in the claim in controversy, nor is there any direct testimony in the record showing that the defendants' is an infringement of the complainant's device. Complainant, however, has put into the record his patent, and his tool, or implement made under the patent, and also a sample of the tool sold by the defendants. The tool sold by the defendants contains rigid jaws, which are not pivoted so as to adapt them to use on rollers of different sizes, and it is obvious that in the use of defendants' tool the workmen would require two or three different sizes in order to work readily with these implements of defendants'; but it is evident that the rigid jaws of the defendants' tool are adapted, in the language of the claim, "to receive and grasp the roller." It is true, they are not adapted to receive and grasp rollers of different sizes, but they are adapted to receive and grasp a roller of the size permitted by the rigid jaws; and it also shows the same movable sliding-spindle to engage with the staff of the balance-wheel, which is shown and described in complainant's patent. I am therefore of opinion that the charge of infringement is clearly made out by a mere inspection on the part of the court of the two implements put in evidence. The defendants' implement is clearly within the terms of the fourth claim. It has jaws adapted to receive and grasp a roller and a movable sliding-spindle to engage with the staff of the balance-wheel, and a lever for operating the spindle. In the *Case of Swartchild* it is objected that the proof does not show infringement of the patent by the defendants, but I think the proof clearly establishes that this defendant admitted that he had sold three of these Saunderson implements, or the implement with the rigid jaws, and had them on hand in his stock for sale; and it is clear from the proof that the defendants in the other case have sold a much larger number. The proof also shows that the complainant has given to one Kearney an exclusive license to manufacture and sell the tools covered by his patent throughout the entire United States, for which Kearney is to pay the complainant a royalty of so much on every implement; and it is objected on the part of the defendants that the complainant cannot maintain his suit because he has no interest in the patent. The proof does not show that the complainant has assigned the title to his patent either to the whole of the United States or to any part of it, but only that Kearney has a license to manufacture and sell, and is to pay the complainant a royalty. Complainant, therefore, is directly interested in protecting his licensee, because, unless he does so, he will get no royalty, or only a very small amount compared with what he would receive if he should maintain his patent and be entitled to a monopoly of the implements covered by it, so that the complainant has a

direct interest in maintaining his patent, both because he is under obligations to do so, either moral or legal, or both, and also because his own income from the royalties would be abridged, as the proof shows it has been, largely by the infringement. A decree may therefore be entered finding that the defendant infringes the fourth claim, and for an accounting.