TRUAX *v.* DETWEILER.

*(Circuit Court, S. D. New York. March 27, 1891.)*

PATENTS FOR INVENTIONS—INJUNCTION—PRACTICE.

In a suit for infringement of a patent a decree granting a perpetual injunction was entered by default. Afterwards a second patent was issued for an invention similar to complainant's, and the defendant began to manufacture articles under such second patent. *Held,* that the court would not on motion declare defendant guilty of violating the injunction, complainant's remedy being to bring a new suit.

In Equity. Motion for attachment for alleged violation of injunction.

*Livingston Gifford,* for complainant, cited:

*Thomson* v. *Wooster,* 114 U. S. 114, 5 Sup. Ct. Rep. 788; *Goodyear* v. *Evans,* 6 Blatchf. 121; *Morse Fountain Pen Co.* v. *Esterbrook Steel Pen Manuf'g Co.,* 3 Fish. Pat. Cas. 515; *Cook* v. *Ernest,* 5 Fish. Pat. Cas. 396; *McComb* v. *Ernest,* 1 Woods, 195; *Minneapolis Harvester Works* v. *McCormick Harvesting-Mach. Co.,* 28 Fed. Rep. 565; *Vulcanite Co.* v. *Gardner,* 4 Fish. Pat. Cas. 224; *Collignon* v. *Hayes,* 8 Fed. Rep. 912; *Atlantic Giant Powder Co.* v. *Dittmar Powder Manuf'g Co.,* 9 Fed. Rep. 316; *Cantrell* v. *Wallick,* 117 U. S. 689, 6 Sup. Ct. Rep. 970; *Clough* v. *Manufacturing Co.,* 106 U. S. 178, 1 Sup. Ct. Rep. 188, 198; *Sickels* v. *Borden,* 4 Blatchf. 20; *Burr* v. *Kimbark,* 29 Fed. Rep. 432; *Matthews* v. *Spangenberg,* 15 Fed. Rep. 813; *Wetherill* v. *Zinc Co.,* 1 Ban. & A. 106; *Craig* v. *Fisher,* 2 Sawy. 345; *Hamilton* v. *Simons,* 5 Biss. 77.

*R. B. McMaster*, for defendant, cited:

*Wirt* v. *Brown*, 30 Fed. Rep. 187; *Onderdonk* v. *Fanning*, 2 Fed. Rep. 568; *Buerk* v. *Imhaeuser*, 2 Ban. & A. 465; *Drill Co.* v. *Simpson*, 39 Fed. Rep. 284; *Allis* v. *Stowell*, 19 O. G. 727; *Liddle* v. *Cory*, 7 Blatchf. 1; *Birdsall* v. *Manufacturing Co.*, 2 Ban. & A. 519; *Smith* v. *Halkyard*, 19 Fed. Rep. 602; *Fetter* v. *Newhall*, 20 Fed. Rep. 113; *Hammerschlag* v. *Garrett*, 10 Fed. Rep. 479; *Celluloid Manuf'g Co.* v. *Chrolithian Collar & Cuff Co.*, 24 Fed. Rep. 585; *Yale Lock Manuf'g Co.* v. *Scovill Manuf'g Co.*, 15 Fed. Rep. 342; *Temple Pump Co.* v. *Goss, etc., Manuf'g Co.*, 31 Fed. Rep. 292; *Refrigerating Co.* v. *Eastman*, 11 Fed. Rep. 902; *Higby* v. *Rubber Co.*, 18 Fed. Rep. 601.

LACOMBE, Circuit Judge. The complainant is the owner of patent No. 424,944, issued April 8, 1890, to one Allen, for an instrument (a pump) for the transfusion of blood. Heretofore action was brought against the defendant, Detweiler, and another, who were making and selling pumps identical in all respects with those described in the patent. They did not defend. Decree was entered by default, and final injunction issued. Subsequently, on January 13, 1891, a patent (No. 444,690) was issued for a surgical pump similar to complainant's, the difference between the two instruments being but slight. The defendant has since the injunction sold pumps manufactured under the latter patent, and the complainant insists that this constitutes an infringement of the patent and a violation of the injunction, and asks either for an attachment for contempt, or for an order declaring the particular pump now sold by defendant to be covered by the injunction. Upon the argument the motion for attachment was not pressed, the weight of authority being clearly against it, where the new article is covered by a later patent. The claims of the first patent are very broad, and if they are to be considered as valid in their entirety, the defendant's new pump is an infringement. He insists, however, that the first patent cannot be sustained in view of the prior state of the art, unless its claims are limited to the particular structure therein described, and that his pump does not infringe the claims, if thus limited. He submits earlier patents, and offers testimony as to the prior state of the art. The complainant, on the other hand, insists that the decree sustains the patent just as it stands, and that the defendant must accept that construction. The authorities cited by the complainant in support of his contention are all cases where the patent had been construed by the court, after argument, and that construction resulted in a decree reviewable in the manner provided by law. Here the patent has never been construed by the court at all. If it is to be now construed on this motion for an order declaring the new pump to be covered by the injunction, such construction will be arrived at without the taking of testimony in the usual way by oral examination, direct and cross, and without the opportunity for review. No doubt it might be sent to a master to take proof at the foot of the original decree, and upon his return a further decree might be made; but such practice would be more awkward, and probably no more expeditious, than a trial under a new bill. To the proposition that by a failure to waste the time of the court in a litigation practically hopeless, because

the infringing article is identical with that covered by a patent which is valid if its claims are narrowly construed, the defendant is cut off, for all time, from dealing in other articles, which would perhaps not infringe, if the patent were construed after a full presentation of the state of the art, this court cannot accede. *Buerk* v. *Imhaeuser*, 2 Ban. & A. 465; *Drill Co.* v. *Simpson*, 39 Fed. Rep. 284; *Higby* v. *Rubber Co.*, 18 Fed. Rep. 601. And *prima facie* the issuing of the later patent is evidence that there is some substantial difference between the articles made under the two patents. *Onderdonk* v. *Fanning*, 2 Fed. Rep. 568. The complainant may make out a case strong enough to entitle him to a preliminary injunction if he were bringing a new suit, but it does not follow that, under the practice, he is therefore entitled to the order now applied for. As to the pumps represented by Exhibit Le Noel Pump No. 2 the motion is therefore denied. Complainant, however, may take an order referring it to a master to examine the defendant and such other witnesses as may be produced, touching any sales of pumps like Exhibit Bogus Allen Pump, made by him since he knew of the issuing of the injunction.