### NATIONAL HARROW CO. v. HANBY.

#### (Circuit Court, N. D. New York. March 2, 1893.)

#### No. 5,973.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SPRING-TOOTH HARROWS.
   Letters patent No. 388,306, granted August 21, 1888, to Reed and Clark, for an improvement in clips for spring-tooth harrows, claimed "the combination of a harrow beam, a tooth or share, a clip channeled on the under side, and the binding bolts, substantially as set forth;" the object of the invention being to protect, by means of a front flange on the clip or washer, the bolt heads or burrs from wear. *Held* that, in view of the prior state of the art, the claim must receive a narrow construction; and it is not infringed by a harrow having but one bolt, passing through a hole in the tooth, with a recessed washer so constructed that the bolt head is protected from wear, but having no clip channeled on the under side.

2. SAME—SUIT FOR INFRINGEMENT—PATENT AS PRIMA FACIE PROOF.
   In a suit for infringement, the fact that defendant's machine is patented is prima facie proof that it does not infringe. Brown v. Selby, 2 Biss. 457, followed.

In Equity. Suit by the National Harrow Company against James Hanby for the infringement of a patent. Bill dismissed.

Charles H. Duell, for complainant.
George B. Selden, for defendant.

COXE, District Judge. The complainant, as assignee, sues for the infringement of letters patent, No. 388,306, granted to Reed and Clark, August 21, 1888, for an improvement in clips for spring-tooth harrows. The invention is an exceedingly simple one and can be sufficiently understood by reading the claim which is as follows: "The combination of a harrow beam, a tooth or share, a clip channeled on the under side, and the binding bolts, substantially as set forth." The object of the invention is to protect, by means of a front flange on the clip or washer, the bolt heads or the burrs from wear when the harrow is in use. The defenses are want of patentable novelty and non-infringement.

Any one at all familiar with patent litigation for the last decade will recognize that a pioneer invention in "spring-tooth har-

rows" is, seemingly, out of the question. The field was crowded when these patentees entered it. The record shows that every element of the patented combination and the combination itself, considered broadly, was old at the date of the application. It further appears that the feature to which special attention is called as being "the gist of the invention," namely, the protection of the bolt heads, was also well known. In letters patent, No. 334,180, granted to Franklin J. Marshal, in 1886, for improvements in spring-tooth harrows, appears this statement: "In order to obtain a more secure hold for the said tie, bolts on the frame, and guard against the wear and enlargement of the bolt holes in the frame, and at the same time protect the heads of the tie bolts from wear and abrasion incident to the dragging of the same over the soil, I place on the under side of the bottom bar a plate or washer," with concave countersinks, etc. The only distinction pointed out between the Marshal clip and the patented clip, regarding this feature, is that the former does not protect so much of the bolt head as the latter. In letters patent, No. 358,839, granted to J. Morris Childs, in 1887, for improvements in similar harrows, is the following statement: "Another important feature of this construction consists in protecting the heads of bolts, 6, 6, from wear." This is criticised only because the protecting flange is a part of the harrow frame.

It is too plain for debate that the claim, if sustained, must receive a narrow construction, and the court is clearly of the opinion that when so construed the defendant does not infringe.

The two harrows sold by the defendant were made under letters patent, No. 473,796, granted to William Strait, April 26, 1892. The fact that the defendant's harrow is patented is, prima facie, proof that it does not infringe. In Brown v. Selby, 2 Biss. 457, the court, at page 470, says:

"As has already been stated, the defendants are all claiming under patents, many of which embrace essential parts of their machines. They are, therefore, prima facie protected in their rights. It is true, if the plaintiff is a prior inventor and patentee, their claims, so far as they trench upon his, must yield. But all of these parties claim to be improvers of the corn planter. There are numerous patents upon different parts of the machine, and it would seem to be the duty of the court to confine each inventor to the specific parts which he invented, and to which he is fairly entitled."

See, also, Burden v. Corning, 2 Fish. Pat. Cas. 477, 497.

The defendant's harrow does not have the two bolts on either side of the tooth, as required by the claim. It has one bolt which passes through a hole in the tooth. It does not have a clip channeled on the under side, but it does have a recessed washer so constructed that the bolt head is protected from wear. Similar washers were well known long prior to the complainant's patent. It follows that the bill must be dismissed.