BONSACK MACH. CO. v. NATIONAL CIGARETTE CO.

(Circuit Court, S. D. New York. October 2, 1894.)

PATENTS—INJUNCTION AGAINST INFRINGEMENT—MOTION TO PUNISH FOR CONTEMPT.

The question whether defendant infringes by making a machine differing in some respects from one previously held by the court to be an infringement cannot be tried on a motion to punish for contempt, when the new machine is made under a patent issued after the injunction was granted.

This was a suit by the Bonsack Machine Company against the National Cigarette Company for the infringement of certain letters patent for cigarette machines. An injunction was heretofore granted (63 Fed. 835), and a motion is now made to punish for contempt for alleged violation thereof.

Duncan & Page, for complainant.
Cowen, Dickerson & Brown, for defendant.

LACOMBE, Circuit Judge. This is a motion to punish for contempt. When the suit was originally brought, defendants were using a machine which the court has, after argument, held to be an infringement of complainants' patents. The defendants are now using a machine which in some respects differs from the infringing machine already passed upon, and it appears that it is made under a patent issued subsequent to the decree. The weight of authority is clearly against the proposition that in such a case the question of infringement is to be settled on a motion to punish for contempt. The new machine is brought into court with prima facie proof that, in the opinion of the patent office, it is patentably different from the machine of complainants. Whether it is an infringement or not should be settled by application for injunction, not for commitment for contempt. Buerk v. Imhaeuser, 2 Ban. & A. 465, Fed. Cas. No. 2,107; Onderdonk v. Fanning, 2 Fed. 568; Wirt v. Brown, 30 Fed. 187; Truax v. Detweilar, 46 Fed. 117. Motion denied.