### HARDWICK v. MASLAND et al.

(Circuit Court, E. D. Pennsylvania. December 26, 1895.)

#### No. 32.

1. PATENTS—INFRINGEMENT—PRESUMPTION FROM SUBSEQUENT PATENT.
   The granting of a subsequent patent is not prima facie proof of a patentable difference, where the question is one of infringement, and the later patent is manifestly for a mere improvement on the earlier one.

2. SAME—INSPECTION AND COMPARISON BY THE COURT.
   Where defendant denies infringement, and avers that the alleged infringing article was made under a later patent than that sued on, the court may, in a plain case, determine the question of infringement by inspection and comparison of the two patents.

3. SAME—CARPET FABRICS.
   The Hardwick patent, No. 382,157, for a two-ply ingrain carpet fabric, having the weft threads divided into sets of five, of which three are in on ply and two in the other, is infringed by a fabric made according to the Acheson patent, No. 497,294.

This was a suit in equity by Harry Hardwick against Morris H. Masland and Frank E. Masland, trading as C. H. Masland & Sons, for alleged infringement of a patent for a carpet fabric.

Harding & Harding, for complainant.
Henry E. Everding, for respondents.

DALLAS, Circuit Judge. This is a suit upon letters patent No. 382,157, dated May 1, 1888, to Harry Hardwick, for "carpet fabric." The only claim involved is as follows:

"(1) A two-ply ingrain carpet fabric, having the weft threads divided into sets of five, of which three are in one-ply, and two in the other, all substantially as set forth."

The controversy as to infringement, which is the only one, is presented in an unusual, but not unprecedented, manner. The answer denies, in general terms, that the defendants have infringed, but specifically admits—

"That they have manufactured a fabric according to the invention as set forth and described, or contained and patented, in and by the letters patent

No. 497,294, granted and issued to one Samuel J. Acheson, of Plainfield, N. J., under date of May 16, 1893, for an improvement in ingrain carpet fabrics."

If this specific admission conflicts with the general denial, the former controls and nullifies the latter. Hence two questions arise: (1) As matter of fact, does manufacture under the Acheson patent involve use of the invention covered by the first claim of the Hardwick patent? (2) As matter of law, may the court determine the preceding inquiry by its own unaided comparison of the two patents?

1. Comparative examination of the Acheson and the Hardwick patents makes it quite evident that the fabric described in the former embodies the invention covered by the first claim of the latter. In the specification of the Hardwick patent it is stated:

"One object of my invention is to provide for greater variety than usual in the coloring of a two-ply ingrain carpet fabric, and another object is to attain this result without unduly increasing the expense of the fabric. I attain the first of these objects by increasing the number of weft or filling threads in the set from four to five; two threads of the set appearing in one-ply, and three in the other ply. * * * In the diagram, Fig. 1, W, R, O, D, and B, represent five weft or filling threads, colored, say, white, red, olive, drab, and black, respectively. * * *

FIG. 1.

FIG. 2.

"One of the advantages of my invention is shown in Fig. 2; the pattern there illustrated having a groundwork of solid color, with figure containing a spot of ordinary ground of two colors, the effect of solid color being obtained by using an extra weft of the same color as one of the regular ground-wefts of the fabric. Solid colors in the figure may, as will be evident, be obtained by using an extra weft thread of the same color as one of the regular figuring wefts. In Fig. 1 the sets of threads are separated by dotted lines, and it should be understood that the arrangement of threads in any set may be repeated any desired number of times in a pattern; the diagram simply showing different ways in which the threads can be combined, without any attempt being made to show the actual succession of threads in a definite pattern."

These extracts relate to, and make perfectly clear, that object of the Hardwick patent which is the subject of its first claim; and to its "second object," which is the subject of a claim not sued upon, no reference need be made. Neither is it necessary to recapitulate all that is contained in the Acheson patent, from which it appears that it, also, proposes "a two-ply ingrain carpet fabric, having the weft threads divided into sets of five, of which three are in one ply, and two in the other, substantially as set forth" in the Hardwick patent. It will suffice to mention that, in the Acheson specification, it is said, in describing one of the figures representative of his alleged invention, that "each set comprises * * * five wefts, whereof two are in the face ply, or weft plane, and three whereof are in the back ply, or weft plane." This language is substantially the same as that of the claim in suit. That it describes the same thing cannot be doubted.

Defendants' Arrangement.

2 The point more strenuously urged on behalf of the defendants is that "the fact that defendants' fabric is patented is prima facie proof that it does not infringe complainant's patent," and that, therefore, it is not competent for the court, upon inspection of the patents alone, to adjudge infringement. This contention might be sustained in some cases, but it cannot be in this one. In this case, each of the two patents is not for a specific and distinct addition to the art as it existed before either of them was granted. The patent set up by the defendants is manifestly for an alleged improvement upon the Hardwick invention, the use of which it necessarily involves. Therefore the authorities cited by the learned counsel of the defendants are inapplicable; the precise question in this instance being, not whether the defendants' patent is invalid, but whether they, by reason of their ownership of that patent, can lawfully use the invention of Hardwick without his consent. And to this question both reason and authority call for a negative answer. Cantrell v. Wallick, 117 U. S. 689, 694, 6 Sup. Ct. 970.

The defendants' avowal that they have manufactured according to the Acheson patent challenges a comparison of that patent with the one in suit, and I am at a loss to perceive why that comparison may not, in so plain a case, be made by the court, unaided by experts. Their opinions would not be conclusive, and, if favorable to the defendants, could not prevail against the convincing testimony of the

documents themselves. Doyle v. Spaulding, 19 Fed. 744, 748; Hayes v. Bickelhoupt, 23 Fed. 184; Freese v. Swartchild, 35 Fed. 142; Seymour v. Osborne, 11 Wall. 545; Manufacturing Co. v. Gugenheim, 3 Fish. Pat. Cas. 427, Fed. Cas. No. 10,954. Decree for complainant, in the usual form.