PAXTON et al. v. BRINTON et al.

(Circuit Court, E. D. Pennsylvania. December 23, 1903.)

No. 26.

1. PATENTS—VIOLATION OF INJUNCTION AGAINST INFRINGEMENT—CONTEMPT.
     Defendants, enjoined from infringement of a patent, cannot be absolved from the charge of contempt in violating the injunction, on the ground that the subsequent infringement was not obvious, and that they proceeded under advice of counsel, where they also proceeded with full notice, and knowingly assumed the risk of violating the injunction.

In Equity. Suit for infringement of patent. On proceedings for contempt for violation of injunction.

Fraley & Paul, for complainants.
Joshua Pusey, for respondents.

DALLAS, Circuit Judge. Upon full consideration of the facts and of the arguments of counsel, and especially of the brief submitted on behalf of the defendants and the authorities cited therein, I find it impossible to wholly absolve the defendants from the charge of contempt which the plaintiffs have preferred against them. It has been contended that, even if, in selling "pickers No. 3," the defendants infringed the patent sued on, yet the infringement was not an obvious one, and that, therefore, and by reason of the fact that they proceeded under the advice of counsel, their consequent violation of the injunction of this court should be excused. But, after giving to this contention all the weight which, in my judgment, can rightly be accorded to it, and conceding to the defendants the benefit of every doubt which it suggests, I do not consider them blameless. In view of the decision made by the master upon August 5, 1901, it must be held that in what they did thereafter the defendants took the risk of disobedience of the order of the court and injury to the plaintiffs, and should not be permitted to escape the responsibility which, with full notice, they then deliberately assumed. Norton v. Eagle Co. (C. C.) 59 Fed. 138.

In my opinion, the plaintiffs' motion for attachment will be properly disposed of by making in this case the same finding and order which were made by Judge Shipman in Morss v. Knapp (C. C.) 37 Fed. 351; and accordingly I find that the defendants have been guilty of contempt by continuing a sale which they had adequate reason to know was in violation of the decree of this court, and should pay a fine of $50, and the cost of this application and of the affidavits, with-

in 30 days from the date of the order, and, if not paid on or before the expiration of said time, the defendants stand committed until the same be paid, and that, when paid, the sum be paid over to the plaintiffs in reimbursement.