QUEEN & CO. v. ROENTGEN MFG. CO. et al. (GREEN, Intervener).

(Circuit Court, E. D. Pennsylvania. December 28, 1908.)

No. 73.

PATENTS (§ 328*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction granted against infringement of the Sayen patent, No. 594,036, for a Roentgen ray tube, previously adjudged valid, as against the defense of anticipation by one of the defendants.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*

Grounds for preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. On motion for preliminary injunction.

Wm. S. Jackson and E. Hayward Fairbanks, for complainant.
Ward & Joy, for defendants.

J. B. McPHERSON, District Judge. The patent in suit, No. 594,-036, was granted in November, 1897, to Henry Lyman Sayen for an improvement in Roentgen ray tubes. Claims 2 and 3, which are especially involved in this controversy, were decided to be valid by Judge Kohlsaat of the Seventh Circuit, in the case of Queen & Co. v. Friedlander (C. C.) 149 Fed. 771, after a prolonged and strenuously contested litigation. His full and careful opinion was apparently convincing, for the result was accepted by the defendant without appeal. There is nothing whatever in the record, either of that case or of this, to support the faint suggestion that the decree in Judge Kohlsaat's court was entered by consent. Prima facie, therefore, these two claims are valid, and the first element of the complainant's right to the relief now prayed for is thus made plain. A second element, namely, infringement by the defendant intervener, is admitted, and, indeed, could not be successfully denied. A third element also sufficiently appears; the defendant is of slender financial ability and would probably be unable to respond to a final decree for damages.

The chief defense to the present motion rests upon an alleged anticipation. It is said that the defendant Green is the original inventor of the improvement in question, and that he reduced the invention to practice and put it into public use in 1896, several months or perhaps a full year before Sayen conceived the idea which is the subject of the patent in suit. No application for a patent, however, has at any time been made by the defendant, and the ex parte affidavits that are submitted on his behalf concerning the alleged public use of his device in 1896 are most unsatisfactory. He avers that apparatus showing various stages of his invention are still in existence, and he produced several photographs in support of this averment. There is no evidence, however, when these photographs were taken, and they were not even proved to be correct representations of the apparatus referred to. Moreover, there is no explanation why the apparatus itself was not offered in place of the secondary evidence presented by the photographs. A similar unfavorable criticism must be made of all the affidavits concerning the public use in 1896. Although they refer to events that are said to have taken place 12 years ago, in every instance they rest simply on the uncorroborated testimony of the witnesses. Part of their contents is also secondary in its character; part is mere hearsay, and, as their total result, they produce the decided impression that loose and general averments have been offered because no better evidence could be obtained. In my opinion the defendant's proof does not meet the high standard that must be applied when evidence is offered to make out the defense of anticipation by prior use, after a patent has once been adjudged to be valid.

These considerations are amply sufficient to justify a preliminary injunction, and I need say nothing, therefore, concerning the complainant's additional position, that in the most favorable aspect the defendant has nothing to rely upon except certain abandoned experiments, and that these can be of no value in the face of the subsequent patent to Sayen. I refer to this position only to add that I have not given it any weight, and that I intimate no opinion concerning its soundness.

The injunction asked for is well supported upon other grounds, without seeking the aid of the doctrine of abandonment. At the present stage of the case, therefore, the propriety of applying this doctrine need not be passed upon.

The decree prayed for may be entered upon the giving of security by the complainant in the sum of $2,000.