## QUEEN & CO. v. GREEN.

### (Circuit Court, E. D. Pennsylvania. June 14, 1909.)

### No. 73.

1. PATENTS (§ 326*)—SUIT FOR INFRINGEMENT—ACTS CONSTITUTING VIOLATION OF INJUNCTION.

A party against whom a preliminary injunction has issued, restraining him from infringement of a patent and from constructing or selling a device found to infringe, and which clearly infringed if the patent was valid, is guilty of contempt for violating the injunction, where he merely makes a formal and immaterial change in such device, which does not in any way change the principle of operation, and which was apparently adopted for the express purpose of evading the injunction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

2. PATENTS (§ 326*)—SUITS FOR INFRINGEMENT—VIOLATION OF INJUNCTION.

While the fact that a party, charged with contempt for violating an injunction against infringement of patent, acted under the advice of counsel, is to be considered in deciding whether he shall be punished, it is not a defense, if continued infringement is found.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 326.*]

On Motion to Punish for Contempt.

William Steell Jackson and E. Hayward Fairbanks, for complainant.

H. E. Hart and Charles Howson, for defendant.

J. B. McPHERSON, District Judge. A preliminary injunction was granted in this case in December, 1908 (165 Fed. 453), and was served upon the intervener, Green, who is the principal party defendant and is making the only contest against the patent. The injunction was served in January, 1909, and commands the defendant to—

"* * * desist and refrain from further constructing or using or selling in any way or manner. directly or indirectly, the X-ray tubes described or mentioned in the said bill of complaint. or making, using, or selling, or causing to be made. used, or sold, any X-ray tubes made in accordance with or embodying or containing the inventions or improvements described and claimed in United States letters patent No. 594,036, or any part thereof, described in the said bill of complaint and in the affidavits of the complainant thereto annexed, until the hearing of the cause or the further order of the said court."

The two claims of the patent that are involved in the controversy are as follows:

"2. In combination with a high-vacuum tube, a shunt-circuit arranged in proximity thereto. means connected with the above and set into operation by the current in the shunt-circuit to cause gas to enter said tube, and means for varying the pressure in the shunt-circuit.

"3. The combination with a high-vacuum tube of a shunt-circuit arranged in proximity thereto, and means connected with the above and set into operation by the current in the shunt-circuit to cause gas to enter said tube."

At the argument of the motion for a preliminary injunction it was conceded that the device then in question presumptively infringed, and it was attempted to repel the presumption by proof of the only defense that was set up, namely, prior public use by the intervening defendant himself. Testimony is being taken on this point before a commission-

er in preparation for final hearing, but meanwhile the defendant has been offering and selling the same device with a slight modification. The complainant avers that this modified apparatus is also an infringement, and the correctness of this averment must now be considered on the motion to punish for contempt. There is no dispute concerning the character of the new device, or its sale by the defendant. He relies wholly upon the contention that the automatic shunt-circuit which is admittedly used in the apparatus now attacked is not "in proximity" to the high-vacuum tube, and therefore does not infringe claims 2 and 3. Of course, if it does not infringe, he is not punishable for contempt; and it is also true that he might not be punishable if the new device presented a fairly debatable question. But neither situation is now before the court. As it seems to me, the apparatus complained of is a plain infringement, and I have no hesitation in adding that I believe it to have been devised in an effort to evade the injunction. All that the defendant has done is to move a part, and only a part, of the shunt-circuit three or four feet away from the vacuum tube, without changing in the slightest degree the method of operating the circuit or the function of any of its elements. He simply extends the circuit, and does so deliberately, as I think, in order to evade the command of the injunction. The effect is only to lengthen and change the shape of the regulator arm, and thereby to tap the current from the negative pole of the coil at a point somewhat farther from the vacuum tube. In my opinion this is an immaterial variation, and produces a device which is a clear equivalent of the patent. It seems to me as "palpably colorable" as the apparatus that was considered by the Court of Appeals in Lepper v. Randall, 113 Fed. 627, 51 C. C. A. 337, where Judge Dallas declared that:

"In no case is a patentee to be denied protection commensurate with the scope of his actual and distinctly described and claimed invention, by wholly excluding him from the benefit of the doctrine of equivalents."

Here, as there:

"The departure made by the defendant from the patent in suit is merely formal, and of such character as to suggest that it is a studied evasion of those described in the claim in issue."

If confirmation of the defendant's purpose should be desired, it may be found, I think, in the following circular notice which he has been recently sending out:

"Owing to Queen & Co. having obtained a preliminary injunction against us, which was granted on condition that they file a bond of $2,000 to protect us from loss pending final decision, we are not allowed to put on the swinging regulator arm. We inclose in the box, however, a little JOKER. This JOKER, by a little glue on the bottom, may be stuck onto the coil at about 6" away from the negative pole or wire. The JOKER is then connected to the regulator by means of a wire, and the regulation is adjusted by the movable pointer. This we find does not infringe the Queen patent, because it is not in juxtaposition or attached to the tube. We believe this method of regulation will be found more efficient, and certainly just as good. We shall continue the fight, however, for our priority on the shunt wire to a finish, and look for your indulgence in the meantime."

Comment upon this circular is hardly necessary, although I may add that the notice appears upon letter paper which contains a picture of

the infringing device that was preliminarily enjoined—a practice that was condemned by the Court of Appeals of the Second Circuit in Cary Mfg. Co. v. Acme, etc., Co., 108 Fed. 873, 48 C. C. A. 118.

It is true that the defendant consulted counsel and was advised that he might safely use the apparatus which is now under consideration; but, while the fact that such advice was taken is to be considered in deciding whether the defendant shall be punished at all, or (if at all) what the punishment shall be (Matthews v. Spangenberg [C. C.] 15 Fed. 813; Westinghouse El. Co. v. Sangamo El. Co. [C. C.] 128 Fed. 747; Goss Printing Co. v. Scott [C. C.] 134 Fed. 880), the mere fact that advice was sought and received is not a sufficient defense (Bate Refrigerating Co. v. Gillett [C. C.] 30 Fed. 683; Paxton v. Brinton [C. C.] 126 Fed. 542; Calculagraph Co. v. Wilson [C. C.] 136 Fed. 196).

Following the course pursued by Judge Dallas in Paxton v. Brinton, I find that the defendant Green has been guilty of contempt by selling a device which he had adequate reason to know was in violation of the preliminary decree of this court; and it is therefore ordered that he pay a fine of $100 and the costs of this proceeding for contempt on or before July 10, 1909, and in default of such payment that he stand committed until the fine and costs be paid, or until the further order of the court.

And it is also directed that the fine be paid over to the complainant as compensation for his time and outlay in prosecuting this application. Cary Mfg. Co. v. Acme, etc., Co., supra.