CROWN CORK & SEAL CO. OF BALTIMORE CITY v. BROOKLYN BOTTLE STOPPER CO. et al.

SAME v. AMERICAN CORK SPECIALTY CO. et al.

(District Court, E. D. New York. July 29, 1913.)

PATENTS (§ 326*)—IMPROVEMENT OF MACHINE—DECREE RESTRAINING INFRINGEMENT—NEW COMBINATION—CONTEMPT.

Bogdanffy's patents, Nos. 1,053,565 and 1,053,898, issued February 18, 1913, covering a machine for the manufacture of bottle closures, *held* merely a new combination and new form of device, dependent on the methods covered by the prior Painter and Wheeler patents, only changing the order of the steps in the attachment of the cork seal or gasket to the closure, and therefore a mere colorable change, not amounting to a new discovery, so that defendants' use thereof after issue pending appeals from decrees entered December 7, 1912, restraining defendants from infringing the Painter and Wheeler patents, constituted a contempt, punishable by motion for attachment.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613-619; Dec. Dig. § 326.*]

In Equity. Suit by the Crown Cork & Seal Company of Baltimore City against the Brooklyn Bottle Stopper Company and another. Applications for attachment of defendants for contempt in violating de-

crees restraining the infringement of the Painter and Wheeler patents covering a machine for the manufacture of bottle closures. Granted.

Philipp, Sawyer, Rice & Kennedy, of New York City (James Q. Rice, of New York City, of counsel), for complainant.

Livingston Gifford, of New York City (Robert B. Killgore, of New York City, of counsel), for defendants.

CHATFIELD, District Judge. Applications for attachment of the defendants in the above-entitled actions for contempt by violation of the injunctions issued herein, pursuant to decrees of December 7, 1912, have been considered upon affidavits, as well as the record in the cases themselves, and have been elaborately argued and briefed. Appeals from the decrees have been taken, but not yet heard, and it appears that the defendants have, since the entry of those decrees, been using machines which they allege are constructed and operated in accordance with a method patent issued to one A. Bogdanffy, under No. 1,053,898, on the 18th day of February, 1913, and a machine patent to Bogdanffy, issued on the 18th day of February, 1913, No. 1,053,565.

Bogdanffy is a mechanician in the employment of a company in Brooklyn, whose interests are allied with those of the defendants in these actions. Prior to the actual issuance of his patent, the defendants used his form of appliance, with his permission, and knew during the trial of this action of the Bogdanffy suggested changes.

The affidavits in opposition show that the solicitor for the defendants, as well as the solicitor engaged in obtaining Bogdanffy's patents, and other solicitors of great reputation in New York and other places, rendered opinions, prior to the decree in this action, to the effect that the device shown in the Bogdanffy patents was not an infringement of the Painter and Wheeler patents, unless those patents be construed so broadly as to render them invalid. Again, after the decree was rendered herein, other solicitors of like standing expressed to the defendants the opinion that the use of the Bogdanffy device and method would not render the defendants liable for contempt.

Attention has been called by the defendants to the decision in this district in the case of Onderdonk v. Fanning (C. C.) 2 Fed. 568, in which the court said, upon motion to punish for contempt, that issuance of a patent since the decree covering the alterations complained of indicated that the changes were not so plainly colorable as to entitle the plaintiff to an attachment, and that the questions should not be disposed of upon motion.

In Wirt v. Brown (C. C.) 30 Fed. 187, this court again held that a change of construction, with the obtaining of a patent for the changed form, made it necessary to bring an independent suit.

In Bonsack Mach. Co. v. National Cigarette Co. (C. C.) 64 Fed. 858, Judge Lacombe held that the weight of authority was clearly against the proposition that where a machine differed in some respects from that passed upon in the case, and was made under a patent issued subsequent to the decree, the question of infringement should not be settled upon motion to punish for contempt.

On the other hand, the complainant cites the cases of Blair v. Jean-

nette-McKee Glass Works (C. C.) 161 Fed. 355, Queen v. Green (C. C.) 170 Fed. 611, Lepper v. Randall, 113 Fed. 627, 51 C. C. A. 337, and Norton v. Jensen, 49 Fed. 859, 1 C. C. A. 452, as authority for the proposition that where a change is merely colorable, or where the variation is not such as to constitute new discovery, or where the party is merely making use of the doctrine of equivalents, or of immaterial changes, without other purpose than to evade the injunction, the questions raised by such acts should be passed upon in connection with the interpretation of the decree in the original action, and that the complainant should not be put to the expense of an independent suit.

The present case would fall plainly under the decision of Onderdonk v. Fanning, supra, and National Harrow Co. v. Hanby (C. C.) 54 Fed. 493, which held that the granting of a patent is prima facie proof that the machine covered by the patent does not infringe any other patent within the knowledge of the Patent Office, if it were not for the fact that the Bogdanffy patents are upon their face a claim for improvements over the art which the record makes plain was embodied in the Wheeler and Painter patents considered in this action, and if Bogdanffy's machine patent were not merely a new combination, or a new form of device, dependent upon the methods and the right to use a combination of this nature covered by Painter and Wheeler.

Bogdanffy's method patent presents a somewhat broader question, for it is difficult to see how a new combination of parts, or an improvement in a machine, even if patentable, can of itself furnish a new method, and be more than mere description of the functions performed by the machine in doing work in the new way.

Bogdanffy's method is a claim that he secures better results by changing the order of certain steps and processes, and for the purpose of this motion we need not consider whether he thereby shows sufficient patentable novelty to obtain a patent as for an improved process or method.

The real question is that suggested in Hardwick v. Masland (C. C.) 71 Fed. 887, and Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017, in which case the Supreme Court said:

"Two patents may both be valid, when the second is an improvement on the first, in which event, if the second includes the first, neither of the two patentees can lawfully use the invention of the other without the other's consent"—citing Star Salt Caster Co. v. Crossman, 4 Cliff. 568, Fed. Cas. No. 13,321.

See, also, Eldred v. Kirkland, 130 Fed. 342, 64 C. C. A. 588; Ryder v. Schlichter, 126 Fed. 487, 61 C. C. A. 469.

This makes it necessary to determine upon this motion whether the Bogdanffy patents are prima facie evidence of an independent invention, or whether they are merely prima facie evidence that the Patent Office found a patentable improvement or a patentable new combination available to those who had the right to use the Painter and Wheeler method and machines.

The various experts for the defendants upon this motion have given testimony as to the advantages which they consider are obtained by applying the cork seal or gasket to the closure after the melting of the

adhesive has been secured. Demonstration was offered upon the argument to indicate that the cork was livelier, or not so brittle, when not subjected to the greater degree of heat. One of the experts for the defendants has testified that the defendants' cork is cold when made to adhere; and all of these experts, as well as the counsel whose opinions have been presented in the case, base their conclusions upon the proposition that in the Bogdanffy machine the closure is not heated after the parts of this closure are assembled.

The differences between the complainant and the defendants can be summed up in one question, as to whether Bogdanffy gets away from the Painter and Wheeler patents by heating a closure, made and treated like the Painter and Wheeler closures with the cork omitted, and immediately (as a subsequent step) inserting a cold gasket of cork into the heated closure, and then subjecting these then assembled and heated parts under pressure, in the way in which a carpenter allows glue to set when applied in liquid form.

The machines now in use by the defendants are similar in structure and function to those which were enjoined under the decree, except with respect to the apparatus and arrangement for inserting the cork in the closures.

In the machines enjoined by the decree the cork was inserted while the closure was being assembled; that is, before it was fed into the machine, and before it was subjected to any heat, while progressing under the influence of the star ring. In the defendants' present machine, the closure is assembled without the cork, moved forward under the influence of the star ring, through the zone in which heat is applied directly from the burners, and then, while the holding parts of the machine are still in their heated condition, and while the tin, gum, and paper of the closure are in heated condition, the cork is added. The closure is then beyond the burners, and no new heat is added thereto. The plunger pressure is applied as before, and the closure, when released, is discharged, with the parts in exactly the same relation and form as when made by the machines enjoined under the decree.

The complainant contends that the process of subjecting the closure to heat while it is being assembled is an equivalent for subjecting the closure to heat after it has been assembled, and it also contends that the application of heat, through the plates of the machine, the tin material of the cap, and the adhesive, to the surface of the cork which is to be adhered, is "an application of heat to the entirely assembled closure before it is subjected to pressure."

The complainant therefore alleges that the variations in the process are merely the use of equivalent steps, or, at most, of an improved step, in carrying out the process covered by the patents whose validity has been sustained.

In these respects it must be held that the complainant is correct, and that the defendants' experts, as well as the counsel whose opinions have been introduced in this matter, have erroneously based their conclusions upon the assumption that the application of heat to the assembled closure must be confined to an application which does not

start until after the closure has been entirely assembled, and which ceases when the direct contact of the gas burners is removed.

But it was held on the trial of the case that the application of heat through an oven or plate, under which the gas burners were set, was the equivalent of heating the closures directly, and the court is unable to see why any other than mechanical change is shown by applying some of the heat before the last part—that is, the cork—is inserted, and then continuing the supply of heat from radiation, instead of direct contact with the flame.

As a matter of fact, the record shows that the closures in the process of assembling had some preparatory heating before the insertion of the cork, under the old oven and Painter methods, and this Painter 1892 patent, No. 468,226, discloses the idea of heating the tin cap and adhesive, and then inserting the cork by means of a plunger. This would defeat the Bogdanffy patent, and show that it was not patentable invention, if, as claimed by the defendants, the Painter 1892 patent has disclosed the precise methods which the defendants are now following.

The decree and the record herein show that the Painter 1892 patent did not employ the elements of time and pressure in the way that these functions are used under any of the patents now being discussed. The claim that the Wheeler and Painter patents would be invalid, if construed broad enough to include the defendants' methods and machines, was disposed of upon the decision of the case, except in so far as the defendants seek to avoid that result by claiming that their present structure and method is that of the old Painter patent.

It is evident that, according to the findings in the case, this claim cannot be substantiated, or that it would render their present patent invalid. If the Bogdanffy patents are not valid, or if the defendants do not operate thereunder, then this court is bound to determine whether or not the defendants' structures infringe, and to decide this motion accordingly.

For these reasons it would seem that the doctrine of Onderdonk v. Fanning, supra, cannot apply, and that the court should determine whether the change in the structure and method used by the defendants is merely colorable, and whether they should be prevented from using the changed machines so long as the decree which has been entered is in force.

Upon the record it must be held that the defendants' structure is covered by the claims of the Painter and Wheeler patents held valid in this action, and that they therefore are infringing those patents, and are technically in contempt of court therefor. The advice of counsel is not a defense against acts which of themselves are contempt of a court's decree. Such advice may free the party disobeying the decree from further punitive action by the court beyond the necessary enforcement of strict compliance with the injunction. But this must be compelled, and the motion for attachment will be granted.