### BLANCHARD *v.* PUTNAM.

1. Where, in a suit at law for infringement of a patent, witnesses testify to previous invention, knowledge, or use of the thing patented, the judgment will be reversed unless an antecedent compliance with the requirements of the 15th section of the Patent Act, requiring in the notice of special matter the names and places of residence of those whom the defendant intends to prove possessed prior knowledge, and where the same had been used, appear in the record. And this, although no reversal for this cause have been asked by counsel, but the case have been argued wholly on other grounds.

2. *Semble*, That the only proper comparison on a question of infringement, is of the defendant's machine with that of the plaintiffs, as described in the pleadings; and that it is no answer to the cause of action to plead or prove that the defendant is the licensee of the owner of another patent, and that his machine is constructed in accordance with that patent.

ERROR to the Circuit Court for the Southern District of Ohio, the case being thus:

The 15th section of the Patent Act enacts, that whenever the defendant relies in his defence on the fact of a previous invention, knowledge, or use of the thing patented, "he shall state in his notice of special matter, the names and places of residence of those whom he intends to prove to have possessed a prior knowledge of the thing, and where the same had been used," and if he does not comply with that requirement no such evidence can be received under the general issue.

With this statute in force, Alonzo Blanchard and others, being owners by assignment of a patent for an improvement in bending wood, granted to Thomas Blanchard, December

18th, 1849, reissued to him November 15th, 1859, and extended for seven years from December 18th, 1863, brought suit at law against Putnam and others for infringement. The defendants pleaded the general issue, but so far as the transcript of the general record showed, gave no notice of any special defence.

On the trial, the plaintiffs gave in evidence the original patent, the reissue, the certificate of renewal and extension, the assignment, and facts tending to prove the alleged infringement, and rested.

The defendants, who were licensees under a patent granted March 11th, 1856, and reissued May 22d, 1862, to one Morris, for an improvement in wood-bending machines, offered in evidence the reissue.

The plaintiff objected to the admission of that evidence, but the court overruling the objection, admitted it, and the plaintiff excepted.

The defendants called as a witness one W. Mitchell, and offered to prove by him, that in A.D. 1858, he saw in use at a factory of one Andrews, in Grand Detour, in the State of Illinois, a machine for bending plough handles, similar to a model then shown to the witness, and asserted by the defendants to be the same in its mode of operation as the plaintiff's patented machine; the defendants' counsel promising thereafter to connect the said evidence with other testimony, showing such a machine to have been in public use anterior to Blanchard's said invention. To "which evidence," said the bill of exceptions, "the plaintiff objected as not competent or proper." But the court overruled said objection and admitted the evidence. Other testimony was introduced by the defendants tending to prove that the machine described by the witness, or others like it, were in public use at that place before the date of the invention claimed and owned by the plaintiffs.

The court charged the jury at length. It told them that the defences to the action were:

1st. That the Blanchard machine was void for want of novelty.

2d. That the machine constructed under Morris's patent did not infringe.

On the first defence, while stating that it was not the intention of the court to go into an analysis of the testimony on the question of anticipation, the learned judge, nevertheless, enumerated the machines set up as prior inventions, leaving it for the jury to pass on the question of novelty, or the want of it.

The case was now here on exceptions.

*Mr. G. M. Lee, by brief, for the plaintiff in error,* observed that the machine of the defendants, in appearance, was somewhat unlike that patented by Blanchard, and that the defendants assert that it worked on a different principle from Blanchard's; while the plaintiffs assert it to be the same in principle and mode of operation as Blanchard's, and that it is covered by Blanchard's patent and claim; *that the real question was, therefore, what construction should be given to Blanchard's patent;* and that there was little else in the case.

The learned counsel then went into an examination of "what the Blanchard patent and invention was; of its parts and office;" of the "parts and office of Morris's patent and the defendant's machine;" and having shown, as he assumed, the errors of the charge upon a true view of the case, merely glanced at other errors, of these specifying five; the fourth being thus:

"We claim that William Mitchell's evidence was improperly admitted on the promise of defendant's counsel to afterwards so connect it with other evidence as would make it admissible. *There is nothing to show it was ever so connected, and upon its face it was inadmissible.*"

After specifying the five errors, the counsel added, towards the conclusion, that it was not necessary to argue the effect of the defendant's evidence showing the existence of prior machines, though really none of them showed any want of novelty in Blanchard; that this question became immaterial, because the jury were not called to pass upon it; that the

court blotted out the question of novelty or state of the art by its charge, and in substance ordered the jury to find for defendants, because Blanchard's patent did not cover the stationary form used by defendants as the court held.

*Mr. Fisher, contra,* stated that the machine of the plaintiffs was what was known in the art as a "rotating form machine," and the machine of the defendants what was known in the art as the "stationary form of machine," and that the struggle of the parties in the case was upon the question of infringement, and the *issue was finally resolved to the single point,* whether in view of the state of the art, the plaintiffs' patent could be fairly construed to cover machines for bending wood in which stationary forms were employed.

So far as the reporter perceived, the plaintiff in error nowhere alleged nor alluded to, nor asked a reversal for error in receiving evidence of want of novelty, because proper notice in writing had not been given to the plaintiff as required by the 15th section of the Patent Act, quoted at the beginning of the statement of the case.

Mr. Justice CLIFFORD delivered the opinion of the court.

Damages for the infringement of letters patent may be recovered by the patentee, or by his assignee of the whole interest, or by his grantee of the exclusive right within and throughout any specified district, by a suit in equity or by an action on the case, at the election of the holder of the legal title.*

Letters patent were granted to Thomas Blanchard, December 18th. 1849, for a new and useful improvement in bending wood, for and during the term of fourteen years from that date, but the specification being imperfect, on the fifteenth of November, 1859, he surrendered the patent, and the same was reissued to him, with an amended specification, for the residue of the original term.

Granted for the term of fourteen years only, the patent

---

* 5 Stat. at Large, 123, 124.

expired on the seventeenth of December, 1863, but the patentee·having failed to obtain from the use and sale of his invention a reasonable remuneration for the time, ingenuity, and expense bestowed upon the same and the introduction thereof into use, the Commissioner of Patents renewed and extended the patent for the term of seven years from and after the expiration of the first term, giving it the same effect as if it had originally been granted for twenty-one years.   Subsequent to the extension of the term the patentee deceased, and the patent was reissued to his executrix, from whom the plaintiffs derive title by virtue of· an assignment in due form, as is conclusively admitted by the defendants.

Undoubted owners of the title to the patent the plaintiffs, on the twenty-third of November, 1865, instituted this suit, and the charge is that the defendants, on the second of November of the previous year, and on divers other days and times between that day and the commencement of the suit, infringed the exclusive right to the invention vested in the plaintiffs, by constructing and using ten machines for bending wood in imitation of the plaintiffs' invention, and in violation of the exclusive right secured to them in their letters patent.   Process was issued, and being duly served the defendants appeared and pleaded the general issue, and upon that issue, unaccompanied by any notice to the plaintiffs of any special defence, the parties went to trial, and the verdict and judgment were for the defendants.

Exceptions were duly taken by the plaintiffs to certain rulings of the court in admitting evidence offered by the defendants, and to the instructions of the court, as given to the jury, and the only questions presented for decision are such as are involved in the exceptions to those rulings and · instructions.

On the trial of the cause the plaintiffs, to sustain the issue on their part, introduced in evidence the reissued patent on which the suit was founded, together with the original patent and the certificate of renewal and extension; and having proved the assignment and introduced evidence tending

to prove that the defendants had infringed the reissued patent, as alleged in the declaration, rested their case.

They might well rest in that state of the case, as the letters patent afforded *primâ facie* evidence that the patentee under whom they claimed was the original and first inventor of what is therein described as his improvement, and having introduced evidence tending to show infringement and damage, they were entitled to a verdict unless some evidence was introduced by the defendants to rebut the evidence given to prove infringement, or to establish some valid defence to the cause of action set forth in the declaration.

Influenced doubtless by that view of the case, the defendants offered in evidence the reissued patent granted to one John C. Morris, dated May 27, 1862, as the foundation for the introduction of evidence to show that the machine or machines which they were using were constructed by them under a license, from the patentee in that patent, and in accordance with the specification and claims of that patent as reissued. Seasonable objection was made by the plaintiffs to the introduction of that patent, as evidence in the case, but the court overruled the objection and admitted it in evidence, and the plaintiffs excepted.

Such evidence was inadmissible for the purpose for which it was offered, and should have been excluded, as the novelty of the invention was not open, and because it presented on the question of infringement an immaterial issue not involved in the pleadings, and because the evidence was well calculated to mislead the jury by withdrawing their attention from the real subject-matter in controversy.*

Apart from the question of damages two issues only were presented by the pleadings, and they were all which are involved in any similar case:

1. Whether the patentee in the patent on which the suit is founded is the original and first inventor of the alleged improvement, which the plaintiffs in this case established as

---

* Corning et al. *v.* Burden, 15 Howard, 271.

a *primâ facie* presumption when they introduced in evidence the letters patent described in the declaration.*

2. Whether the machine of the defendants infringes the plaintiffs' machine as described in the specification and claims of their letters patent.

Attempts are often made in the trial of patent cases to introduce such collateral issues on the question of infringement, but they are irregular and cannot be sanctioned, as the only proper comparison, on that issue, is of the defendants machine with that of the plaintiff, as prescribed in the pleadings. What the jury have to determine is, does the machine of the defendant infringe the machine of the plaintiff; and if it does not, then the defendant is entitled to a verdict; but if it does infringe the plaintiff's machine, then the plaintiff is entitled to his remedy, and it is no answer to the cause of action to plead or prove that the defendant is the licensee of the owner of another patent, and that his machine is constructed in accordance with that patent.

Controversies between litigants in court cannot be completed in that way, nor should the plaintiff be subjected to such outside issues, as he is clearly entitled to a verdict when he has proved that he is the original and first inventor of his improvement, and that the defendant has infringed his patent.†

Suppose the rule in that respect is otherwise, still the judgment of the Circuit Court must be reversed, as the next exception to be considered is clearly well taken, and the error of the court is of such a character that it cannot be remedied in any other way than by granting a new trial.

Testimony was offered by the defendants to prove the existence and use, in 1858, at Grand Detour, in the State of Illinois, of a machine for bending plough handles, similar to a model shown to the witness under examination, and which, as is claimed by the defendants, was the same in its mode of operation as the patented machine of the plaintiffs.

---

* Curtis on Patents, § 118; Pitts v. Hall, 2 Blatchford, 229; Cahoon v. Ring, 1 Clifford, 625.

† Curtis on Patents, §§ 350, 353; Carver v. Manuf. Co., 2 Story, 432.

Objection was seasonably made by the plaintiffs to the admissibility of the testimony, but the defendants stating that they expected to connect the same with the other testimony showing that the machine was in public use anterior to the invention described in the plaintiffs' patent, the court overruled the objection and admitted the testimony, and the bill of exceptions shows that other testimony was introduced by the defendants tending to prove that the machine described by the witness, or others like it, were in public use at that place before the date of the invention claimed and owned by the plaintiffs.

Evidence to prove such a defence is not admissible in any case without an antecedent compliance with the conditions specified in the fifteenth section of the Patent Act. Whenever the defendant relies in his defence on the fact of a previous invention, knowledge, or use of the thing patented, "he shall state, in his notice of special matter, the names and places of residence of those whom he intends to prove to have possessed a prior knowledge of the thing, and where the same had been used," and if he does not comply with that requirement no such evidence can be received under the general issue.*

Unless the rule of law was so the plaintiff might often be surprised at the trial, as he would rely upon the presumption which the patent affords, that he or his assignor or grantor was the original and first inventor of the improvement in question, and would not think it necessary to summon witnesses to rebut the evidence introduced by the defendant attacking the novelty of his patent.†

Other exceptions to the rulings of the court were taken by the plaintiffs to the same effect, but it is unnecessary to refer to them, as the charge of the court shows to a demonstration, that the court throughout the trial overlooked the fact that such evidence is not admissible in patent cases, unless it appears that the defendant, thirty days before the trial, gave notice in writing to the plaintiff, or his attorney,

---

\* 5 Stat. at Large, 123 ; Teese v. Huntingdon, 23 Howard, 10.

† Agawam-Co. v. Jordan, 7 Wallace, 596.

of his intention to give such special matter in evidence, as required in the fifteenth section of the Patent Act, and that the notice given constituted a compliance with the several conditions therein specified.

Compliance with that provision being a condition precedent to the right of the defendant to introduce such evidence, under the general issue, it necessarily follows that the *onus probandi* is on him to show that the required notice was given to the plaintiff thirty days before the trial, and if he fails to do so he cannot introduce any evidence to controvert the novelty of the patent.*

Undoubtedly the plea of not guilty puts in issue the novelty of the invention as well as the charge of infringement, but the answer to that suggestion, as applied to this case, is that the letters patent, when introduced by the plaintiffs, afforded a *primâ facie* presumption that the assignor of the plaintiffs was the original and first inventor of the improvement, and as the defendants had not given to the plaintiffs the required notice that they intended to offer evidence at the trial to overcome that presumption, they had no right to introduce any such evidence, and it necessarily follows that the court had no right to submit any such question to the jury.

Two defences, said the court, are interposed by the defendants: (1.) That the patent is void for the want of novelty. (2.) That the machine constructed and used by the defendants does not infringe the patented machine of the plaintiffs; and the charge proceeds throughout upon the ground that both of those defences were open and were to be determined by the jury.

Extended remarks were made by the judge to the jury, upon the evidence produced by the defendants to impeach the novelty of the invention, and very full explanations were given to them in respect to the principles of law by which they were to be governed in determining that question. Most of the rules of law as stated by the judge are correct,

---

* Philadelphia and Trenton Railroad Co. *v.* Stimpson, 14 Peters, 459; Silsby *v.* Foote, 14 Howard, 222; Phillips *v.* Page, 24 Id. 168.

but the difficulty is that no such questions were involved in the pleadings.

JUDGMENT REVERSED.  NEW VENIRE ORDERED.

Mr. Justice SWAYNE, with whom concurred GRIER and MILLER, JJ., dissenting.

I am unable to concur in the conclusion reached by the majority of my brethren, and will state briefly the grounds of my dissent.

The judgment is reversed, because no notice of the special matters which were proved to the jury is found in the record. If a sufficient notice had been given to the plaintiffs, according to the statute, the testimony was unquestionably proper to be received. It is shown by the bill of exceptions, that the admission of the evidence was objected to, but upon what ground, except as to one item mentioned hereafter, does not appear. The objection may have had reference to several considerations other than the want of notice. The case was tried in all respects as if no such defect existed. If due notice had not been given, and that fact had been brought to the attention of the learned district judge who tried the case, it cannot be doubted that he would at once have excluded the evidence, or have admitted it only after the defect had been properly supplied. It nowhere appears in the case that such an objection was made in the court below. A series of instructions were asked by the plaintiffs' counsel, and refused by the court; neither of them has any reference to this point. The court was not asked to rule out the evidence, nor to direct the jury to disregard it. The point was not made in this court by the counsel for the plaintiffs in error. Other errors were strenuously insisted upon, but nothing was said upon this subject. Other objections to the admission of the testimony excepted to in the court below were fully discussed here, but there was entire silence as to the want of notice. The discovery that there is no notice in the record, was made after the cause had been argued and submitted to this court, and the objection does not now

come from the plaintiffs in error.  It is not of a jurisdictional character.

Upon a careful examination of the record, it seems to me doubtful whether any of the testimony in question required a notice to authorize its introduction,\* except that of Mitchell, which was objected to upon a distinct and different ground.  But, conceding this to be otherwise, under the circumstances, I think these propositions apply:

1. We are bound to presume that a proper notice was before the court below.  This suggestion derives additional weight from the fact that the statute requires the notice to be given to the plaintiff, and does not prescribe that it shall be filed in the clerk's office, or made part of the record.  In some of the circuits the practice has been heretofore simply to produce and prove it at the trial.

2. If there were no such notice, it was waived by the plaintiffs in error, and they are concluded by their conduct.†

3. The objection not having been made in the court below, according to the settled rule and practice of this court, it can not be made here.‡

4. The plaintiffs in error not having made the objection, this court ought not to make and enforce it for them.  They have not suffered, and do not complain.  The interests of justice do not require such vicarious and voluntary action on the part of this court.  The counsel for the defendant in error has had no notice and no opportunity to be heard.  I think, therefore, that the judgment ought not to be reversed.

---

\* Corning *v.* Burden, 15 Howard, 252.
† Laber *v.* Cooper, 7 Wallace, 569.          ‡ Ib.