NORTON et al. v. EAGLE AUTOMATIC CAN CO.

(Circuit Court, N. D. California. November 27, 1893.)

1. PATENTS—INJUNCTION—VIOLATION—CONTEMPT.
    Violation of an injunction is not excused by the fact that the infringing machine is made according to a junior patent, for, on a question of infringement, such patent cannot be introduced, even as prima facie evidence of a substantial difference. Blanchard v. Putnam, 8 Wall. 420, applied. Truax v. Detweiler, 46 Fed. 118, and Harrow Co. v. Hanby, 54 Fed. 493, disapproved.

2. SAME—INFRINGEMENT.
    The Norton patent for a can-heading machine (No. 267,014) is infringed by a machine made according to the Merriam patent of June 3, 1884.

In Equity. Proceeding to punish defendant for contempt in violating an injunction issued in the suit of Edward Norton and Oliver W. Norton against the Eagle Automatic Can Company for infringement of letters patent No. 267,014, issued November 7, 1882, to Edwin Norton, for a can-heading machine. Defendant adjudged guilty.

For report of decision on motion for preliminary injunction, see 57 Fed. 929.

Munday, Evarts & Adcock and Estee & Miller, for complainants.
John L. Doone, Pillsbury & Hayne, and S. C. Denson, for respondent.

McKENNA, Circuit Judge, (orally.) The plaintiffs' patent is for applying, automatically and exteriorly, can heads to can bodies. It was construed in Norton v. Jensen, 1 C. C. A. 452, 49 Fed. 859, very broadly, and held of a primary character; "standing," to quote the court, "at the head of the art, as the first machine ever invented for applying tight exterior fitting can heads to can bodies automatically, and appellees are entitled to a broad and liberal construction of the claims of their patent."

The order of injunction was for the defendant, its agents and servants, to "absolutely desist and refrain from making, using, or selling any machine for putting on the ends of fruit or other cans which is an infringement of the claims of letters patent of the United States No. 267,014, granted to Edwin Norton on November 7, A. D. 1882; also, from making or selling any machine for applying to can bodies heads fitting outside of the same, containing the combination of a device for sizing the exterior diameter of a can body to conform to the exterior diameter of the can head, and holding the same so sized while the head is applied; said sizing and holding device having its end enlarged to fit the exterior diameter of the can head so as to leave an annular space between it and the can body for the reception of the flange of the can head, with a device for forcing the can head into the said annular space, and thereby applying the head outside of the can body,—or any colorable imitation or evasion or equivalent thereof." There was also a prohibition against using the above device in combination with other devices

for delivering the can bodies to the heading machine. Of the latter kind was the machine especially enjoined.

Counsel for the defendant contend that the patent to Norton only covers the latter combination, the automatism consisting in not only applying the can heads to the bodies, but in delivering them,—in other words, an organized machine consisting of a feeding device and a heading device. But the order of the court precludes this contention. It enjoins the use, as I have already quoted, of "the combination of a device for sizing the can body with a device for applying the can head exteriorly," and the order of the court seems to be justified by the first claim of the patent.

It is this part of the order with which we are now concerned, and the use of a machine containing the combination described in the order, or, to quote the order, "any colorable imitation or evasion or equivalent thereof," is within its prohibition. The defendant uses a machine made under a patent to C. R. Merriam, issued June 3, A. D. 1884. It is not necessary to explain the details of it. Considering the broad construction given to the Norton patent by the court of appeals in Norton v. Jensen, supra, I think it is infringed by the Merriam machine. But defendant contends, if this be made to appear after judicial inquiry and consideration, it is not obviously so, and that defendant is excused, by the fact of the patent to Merriam, and the advice of counsel, from a willful violation of the order of the court. Abstractly, it would seem that, if the plaintiffs' patent was prima facie evidence of novelty, (difference from all things before it,) a subsequent patent to the defendant, or for a device used by defendant, would be prima facie evidence of novelty, (difference from all things before it, and hence from the plaintiffs' device,) and hence would be admissible in evidence on the issue of infringement, and its use would be innocent; and it was so held in Corning v. Burden, 15 How. 271. But this case was overruled in Blanchard v. Putnam, 8 Wall. 420. The court said:

"What the jury have to determine is, does the machine of the defendant infringe the machine of the plaintiff? And, if it does not, then the defendant is entitled to a verdict. But, if it does infringe the plaintiff's machine, then the plaintiff is entitled to his remedy; and it is no answer to the cause of action to plead or prove that the defendant is the licensee of the owner of another patent, and that his machine is constructed in accordance with that patent."

In both cases the patent under which defendants, respectively, claimed was issued subsequently to those under which plaintiffs, respectively, claimed.

In Truax v. Detweiler, 46 Fed. 118, it was held, on the authority of Onderdonk v. Fanning, 2 Fed. 568, that the issuing of a later patent is prima facie evidence that there are substantial differences between the devices described in the two patents; and, in the case cited from 2 Fed. it was decided that the new patent shows that the action of defendant was not so plainly colorable as to entitle plaintiff to an attachment against the defendant for contempt. It was also held as late as March 2d of this year, in Harrow Co. v. Hanby, 54 Fed. 493, that, in a suit for infringement, the fact that the defendant's machine is patented is prima facie proof that it does not

infringe.    To sustain this doctrine the court quotes Brown v. Selby, 2 Biss. 457, (a circuit court case,) and quotes Burden v. Corning, 2 Fish. Pat. Cas. 477, 497, which case, as we have seen, was overruled in Blanchard v. Putnam, supra.    But the cases at circuit may be reconciled with Blanchard v. Putnam, applying them no further than affecting intention.

At any rate, I cannot say, in view of them and the advice of counsel, that defendant acted in willful contempt of the order of the court.    In view, however, of the construction of the Norton patent by the circuit court of appeals, and the decisions on it of the circuit court, I do not consider defendant blameless.    It would have been more considerate to have taken the judgment of the court on the Merriam machine before using it, and risking disobedience of the order of the court and injury to plaintiff.    Therefore, I think it should be punished by at least a nominal fine, and the cost of the proceedings.

The defendant is therefore adjudged guilty of contempt, and is fined the sum of five dollars, and ordered to pay plaintiffs the costs of this proceeding, including reasonable counsel fees.