UNITED STATES SLICING MACH. CO. v. WOLF, SAYER & HELLER, Inc.

(District Court, N. D. Illinois, E. D.   March 4, 1918.   Rehearing Denied May 29, 1918.)

No. 507.

1. PATENTS &328—VALIDITY—INFRINGEMENT.
    The Van Berkel patents, No. 806,603 and No. 895,213, for meat-slicing machines with removable meat plates, held valid and infringed, as to claim 2 of the earlier patent and claims 8, 9, and 10 of the later.

2. PATENTS &237—CONSTRUCTION—EQUIVALENTS.
    Any patent, however narrow, has some range of equivalents, unless form is made the indispensable thing, and this rule is particularly applicable when the infringer takes the whole gist of the invention, though not all the mechanical details; this being so, though all the combination elements are old.

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PATENTS ⬤═289—ACTIONS FOR INFRINGEMENT—LACHES.
    Complainant's failure to sue for infringement of its patents for some years after it was begun does not amount to laches, barring recovery, where it appears that an officer of complainant notified defendant that it was infringing and threatened suit, and defendant made no outlay and did not change its position in reliance on any act of complainant.

In Equity. Bill by the United States Slicing Machine Company against Wolf, Sayer & Heller, Incorporated. Decree for complainant. See, also, 243 Fed. 412.

Brown & Nissen and A. J. Crane, all of Chicago, Ill., for plaintiff.
Max W. Zabel and Sidney Stein, both of Chicago, Ill., for defendant.

SANBORN, District Judge. Final hearing on three patents on meat-slicing machines—No. 806,603, of December 5, 1905, to W. A. Van Berkel, No. 895,213, August 4, 1908, to Van Berkel, and No. 1,039,210, September 24, 1912, to Hendrick Stukart. The last patent has been already disposed of by a decree dismissing the bill as to that cause of action. This was done because plaintiff at first failed to prove title to the Van Berkel patents, and time was given to supply the evidence. This has been done, and the question now is whether the patents are valid, and, if so, whether plaintiff is chargeable with laches. Defendant also denies infringement. The decree disposing of only part of the cause was entered without objection by plaintiff, upon a decision that title was not proved as to the Van Berkel patents and that the bill should be dismissed as to the Stukart patent.

[1, 2] The meat-slicing machines made under the three patents are in common use in meat markets in cities, and are exceedingly useful as well as of attractive design. The gist of the invention lies in the fact that the meat plate, and the material thereon, are readily taken off and another plate with other material substituted. This feature is combined with a reciprocating table, an adjustable screw-feeding device to advance the plate to the knife, and a circular, revolving knife. The benefit of having the plate removable is that different kinds of meat may be fastened to different plates, and removed from time to time without disturbing the meat. This accommodates the trade, saves time, and gets better results, by securing uniform slicing. All the elements of the combination are old. They are seen in claim 2 of No. 806,603: (1) A meat-slicing machine, embodying a reciprocatory table provided with vertical guide bars extending in the direction of the length of the table; each of said bars having its inner face extending in a vertical plane; (2) a removable meat plate, mounted upon said table between said bars and having the side edges thereof corresponding in contour to the inner faces of said bars; said plate reciprocating with said table and capable of being shifted on the table in the direction of the length thereof; (3) means engaging with the plate for shifting it; (4) and means for disconnecting said shifting means from the plate to permit of the lifting of the plate directly off the table when occasion requires.

Two more elements are added by patent No. 895,213, as follows: A supporting slide having means for clamping the material thereto moving in vertical guides above the meat plate; a spring-held member pressing laterally against the slide to take up loose play and wear.

Stated in less technical language, plaintiff's machine comprises a circular rotating cutting knife, a table moving back and forth along the plane of rotation, a meat plate on the table, moving upon and at right angles to the table, a screw for advancing the plate up to the edge of the knife, an arm connecting the screw and plate to secure such advance, a rack above the plate to hold the material to the plate, the plate moving in vertical guides, so that it may be detached and lifted off the table for the substitution of another plate with different material, with some means for pressing the moving plate against one of the guides, so as to take up lateral play and wear of the plate against the guide. This is a practical machine, in common use in meat markets, almost indispensable in city markets, where the element of time is important, and neat and effective work desirable.

The vertical guides for the plate are found in Chadborn, No. 170,-053, so that his plate can be vertically removed from the table; but Chadborn had no conception of the modern slicing machine, or of Van Berkel's contribution to the art. The gist of the Van Berkel idea was partly anticipated by Chadborn, so as to narrow the patents in suit, but is by no means enough to deprive them of novelty or patentability. They should be held valid.

As to infringement, defendant's machine is substantially the same as plaintiff's, and answers the patent claims, except one element of the first claim of No. 806,603, which includes "a swinging member carried by the plate." This refers to the connection between plate and screw, which must be in registry when the machine is operating and the plate advancing towards the knife, and must be detached when the plate with its clamped material is lifted off to substitute another with different material. Defendant's engaging and detaching device is not carried by the plate, but only engages with it, by which the same result is obtained in practically the same way. Form is not the essence of the Van Berkel invention, but plate detachability. It is unimportant just how he secures the forward movement towards the knife. Any patent, however narrow, has some range of equivalents, unless form is made the indispensable thing. Paper Bag Patent Case, 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122. And this rule is especially applicable when an infringer takes the whole gist of the invention, but not all the mechanical details, even where all the combination elements are old.

[3] Another defense is laches. The argument is that plaintiff knew as early as 1905 that defendant was making machines containing removable plates in the form of the Peerless slicer, and offering them for sale as early as 1906. The trouble with this defense is that it does not appear that the Peerless had vertical guides, so as to admit of the plate being vertically lifted from the table. The witness Modjeska admits that the Peerless guides were V-shaped, and the circulars G 1 and G 4 show them to be so. While some of the testimony tends to

show that machines like the patents might possibly have been made by defendant about the time the first patent issued, it is not sufficient to prove the fact. It also appears that in 1909 an officer of the plaintiff told Mr. Sayer that he was infringing its patents on certain improvements, including the sharpener, and threatened an infringement suit if Sayer should copy any of plaintiff's improvements. Whether these improvements are covered by the patents in suit is not clear. On the whole, it is not shown that defendant, to its damage, relied on plaintiff's failure to sue, or that it was actually infringing a sufficient length of time before this suit was brought to constitute laches; no outlay or reliance on any act of the plaintiff; no encouraging a sense of security. There is simply a suggestion of facts showing laches; no real proof.

There should be a decree for plaintiff, declaring the Van Berkel patents valid, that claim 2 of the earlier one, and claims 8, 9, and 10 of the later one, are infringed, and for an injunction and accounting. Since the bill was dismissed as to the Stukart patent, neither party will recover costs.

On motion for rehearing a more careful examination of the circulars referred to, and others in evidence, seems to show that the Peerless machine was built with vertical guides. But the evidence as to the date of these circulars is not satisfactory. The motion for rehearing was denied.