## EINSON FREEMAN CO. v. INTERNATIONAL FOLDING PAPER BOX CO.

District Court, E. D. New York. July 2, 1927.

1. Trial ⊜⇒412—Letter of attorney to judge after trial held withdrawal of objection to admission of exhibit.

Objection to admission of plaintiff's exhibit, on the ground that it was not defendant's container, may be deemed withdrawn; a letter being received since the trial from defendant's attorney, in which it is conceded that such exhibit was defendant's device.

2. Patents ⊜⇒112(4)—Allowance of patent has additional force from fact that it was over reference to other patents as anticipating.

That allowance of patent was over reference to other patents as anticipating gives it added force.

3. Patents ⊜⇒328—1,428,226, claims 1, 2, 3, for display device, held unanticipated, valid, and infringed.

Ganz patent, No. 1,428,226, claims 1, 2, 3, for display device, comprising a pair of pockets, one standing and above and back of the other, and hinged together, held unanticipated, valid, and infringed.

4. Patents ⊜⇒157(2)—Sufficient liberality to protect the invention should be given claims.

Sufficient liberality should be given claims of patent that patentee be protected in his invention.

5. Patents ⊜⇒167(1½)—Generic expression in claim held not limited to specific disclosure of drawings, of statement in specifications directed to one specific form.

The generic expression in claim of patent, "a pair of pockets, one standing above and back of the other," should not be limited to the specific disclosures of the drawings or to a statement in the specification directed only to one specific form of the invention; patentee stating that it is not to be understood that invention is restricted to the particular embodiment disclosed.

6. Patents ⊜⇒165(1)—In view of allowance of claims as filed, contention for restriction and estoppel to receive liberal interpretation held untenable.

Claims of patent being allowed as filed, contention that they must be restricted to form of device disclosed and that patentee is estopped from receiving liberal interpretation to his claims is untenable.

7. Patents ⊜⇒236(1)—The substance of invention being appropriated, varying its form does not avoid infringement.

Appropriator of substance of invention does not avoid infringement by varying its form.

In Equity. Suit for patent infringement by the Einson Freeman Company against the International Folding Paper Box Company. Decree for plaintiff.

Schecter & Lotsch, of New York City (John L. Lotsch, of New York City, of counsel), for plaintiff.

Walsh, Campbell & Bergmann, of New York City (H. S. Neiman, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge. The plaintiff alleges the infringement of claims 1, 2, and 3 of the United States patent No. 1,428,226, issued to Albert J. Ganz, dated September 5, 1922, on a display device. The patent has been assigned to the plaintiff by mesne assignments, and the plaintiff's title to the patent is not in dispute.

The action is based upon alleged infringement by the defendant of claims 1, 2, and 3 of the patent in suit, which read as follows:

"1. A display device comprising a pair of pockets, one standing above and back of the other, and hinged together so that one may be folded over the other to form a closed package for the contents, said device including a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket.

"2. A display device comprising a pair of pockets, one standing above and back of the other, and hinged together so that one may be folded over the other to form a closed package for the contents, said device including a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket, and having integral portions forming the sides of both pockets.

"3. A display device comprising a pair of pockets, one standing above and back of the other, and hinged together so that one may be folded over the other to form a closed package for the contents, said device including a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket, and having integral portions forming the sides of both pockets and also portions forming the bottom and front wall of the lower pocket."

It was conceded upon the trial that the patent was valid. The validity of the patent has been established.

The patent relates to an improvement in display devices, more particularly to an improved container constructed of a single sheet of material comprising a pair of pockets, one standing above and back of the other, in which articles may be conveniently shipped, and which may afterwards be opened in a way to display the contents attractively; the complete device being comparatively inexpensive. The device as a whole is so proportioned that,

when the container is closed, the goods in each compartment are adapted to lie end to end against each other and be carried snugly in the package.

[1] The defendant objected to the introduction in evidence of Plaintiff's Exhibit 3, which was the defendant's container, claiming that the device introduced was not the device that the attorneys had stipulated, in that in the Plaintiff's Exhibit 3 there was introduced a separable false bottom member inserted within the rear pocket of the device. Plaintiff's Exhibit 3 is the defendant's container. A letter has been received from the defendant's attorney since the trial, in which it is conceded that Plaintiff's Exhibit 3 was the defendant's device. The objection to the admission of Plaintiff's Exhibit 3, upon the ground that it was not the defendant's container, may therefore be deemed withdrawn.

The question before the court is whether the defendant's device is an infringement upon the plaintiff's patent.

Claim 1 calls for "a display device comprising:

"(1) A pair of pockets (a) one standing above and back of the other, and (b) hinged together so the above may be folded over the other to form a closed package for the contents.

"(2) Said device including a single sheet extending over (a) the back, (b) bottom, and (c) front wall of the upper pocket (d) and the back of the lower pocket."

In the defendant's device, there is a pair of pockets, one standing above and back of the other. The pockets are hinged so one may be folded over the other to form a closed package for the contents. The device includes a single sheet that extends over the back, bottom, and front wall of the upper pocket and the back wall of the lower pocket as is set forth in the claim.

Claim 2 embodies the same elements as claim 1, with the additional element: " * * * And having integral portions forming the sides of both pockets." In the defendant's device there are integral portions forming the sides of both pockets. The other elements in claim 2 are the same as claim 1.

Claim 3 is the same as claim 2, having the following additional element: " * * * And also portions forming the bottom and front wall of the lower pocket." The defendant's device has portions forming the bottom and front wall of the lower pocket.

The defendant's device utilized both the lower and upper pockets to display its goods. The upper pocket of the defendant's is not opposite with respect to the lower pocket, but extends down and forms an added support for the box. In the device of the defendant, the lower part of the upper pocket has the same function as the easel in the plaintiff's device. In the plaintiff's device the easel locks both pockets, whereas in the defendant's device a separate tab holds the pockets together. In the device of the defendant, the separable false bottom is inserted within the upper pocket, forming a base upon which the upper layer of commodities rest. That portion of the pocket below the false bottom has no function as a pocket, nor is it of any useful purpose for packing or transportation purposes. The purpose of the false bottom of the defendant's is to allow the two lines of goods placed in both pockets to fit together. The defendant's device could not be utilized without a false bottom. If it were used without such false bottom, the cartons which are adapted to be inserted within the container could not be properly displayed, nor could they be properly shipped, because the goods would not fit snugly within the container, with the result that the contents would probably be broken.

There were four prior patents introduced by the defendant for the purpose of showing the prior art. The patent to Eichhorn, 1,125,887, was issued January 26, 1915. The invention relates to improvements in collapsible or folding boxes. The box contains but one compartment, and is made from a blank stamped from a single sheet. This is not a patent, having a pair of pockets, one standing above and back of the other.

The patent to Singer et al., 1,210,008, was dated December 26, 1916. This patent relates to a display device comprising two boxes arranged side by side, and secured together by a vertical hinge. Openings or recesses are provided in the two boxes for the purpose of exhibiting the merchandise. A separate cardboard member is secured to the top of both boxes by means of hinged tongues having a locking extension adapted to fit into the top of both boxes. The two boxes are hinged together like a book, and are of the same height, standing side by side. The patent does not in any way show a display device comprising of a pair of pockets, one standing above and back of the other. The device does not include a single sheet extending over the back, bottom, and front wall of the upper pocket and the back of the lower pocket, and in which the articles will lie end to end and be carried snugly in the package when used as a shipping container.

The patent to Wolf, 1,029,096, dated June 11, 1912, relates to a display device more particularly adapted to store writing paper and other similar articles when closed. When opened, the contents of the box are positioned so that the entire contents of the box are displayed. The device does not show a pair of pockets, one standing above and back of the other. The device contains a back and a cover. In the drawings there is shown a cover which has a member and the letter h, which the patent states is a strap spaced apart from the body of the cover to permit the goods to be secured to the cover. This device is not the same as the device of the patent in suit. The opening of the cover moves a pair of levers, with the result that the bottom of the box is elevated and therefore the goods in the box are displayed on an inclined plane.

The patent to Ham, 1,094,326, was dated April 21, 1914. It is almost identical with the Wolf patent. It does not show a pair of pockets, one standing above and back of the other. The patent is directed to a stationary box or the like which has a false bottom, so that the paper in the box may be brought flush with the front edge of the box. When this device is folded, as a shipping package, the paper and envelopes lie one on top of the other, whereas in the patent in suit the articles are in a horizontal line and not folded one on top of the other, but are arranged end to end.

The Wolf and Ham patents were cited as a reference by the Patent Office when the patentee in the suit at bar applied for his patent. [2] The claims in the patent were allowed over the reference without any amendment. The allowance of the claims of the patent in suit, in view of the patent to Wolf and Ham, has added force, where it is shown that patents supposed to show anticipation were considered by expert patent officials. New Jersey Wire Cloth Co. v. Buffalo Expanded Metal Co. (C. C.) 131 F. 269; J. A. Mohr & Son v. Alliance Securities Co. (C. C. A.) 14 F. (2d) 800.

[3] The prior art fails to show the claims of the patent in suit, namely, a display device in which articles may be conveniently shipped and afterwards be opened in a way to display the contents attractively, comprising a pair of pockets, one standing above and back of the other, and hinged together so that they may be folded over the other to form a closed package for the contents; said device being made of a single sheet extending over the back, bottom, and front wall of the upper pocket and the back of the lower pocket, and that, when the container is closed, the articles in each pocket will lie end to end against each other and be carried snugly in the pocket.

The president of the plaintiff's concern has testified to the sale of about 6,000,000 containers embodying the invention of the patent in suit since 1921, and that royalties have been paid to the plaintiff under the patent, amounting to several thousand dollars. The American Tobacco Company used between two and three million containers embodying the invention of the patent in suit. Display devices made in accordance with the patent in suit have achieved great commercial success.

[4] Sufficient liberality should be given to claims, with the result that the patentee is protected in his invention. He is privileged to have protected that which he has invented. [5] The generic expression in the claim, to wit, "a pair of pockets, one standing above and back of the other," should not be limited to the specific disclosure of the drawings nor as if the language read, "a pair of pockets 1 and 2, the latter standing at an elevation above the former and offset backward therefrom." (Patent, p. 1, lines 36 to 39.) This statement in the specifications is directed only to one specific form of the invention. On page 2, line 130, to page 3, line 7, the patentee states: "Though I have described with great particularity of detail a specific embodiment of my invention, yet it is not to be understood therefrom that the invention is restricted to the particular embodiment disclosed. Various modifications thereof in detail and in the arrangement of the parts may be made by those skilled in the art without the departure from the invention as defined in the following claims."

The Circuit Court of Appeals, Second Circuit, in International Banding Machine Co. v. American Bander Co., 9 F.(2d) 606, stated:

"It is the duty of the court to read a claim in the light of the entire disclosure of the patent as a whole. It will interpret an expression positively recited in the claim as satisfied by any suitable instrumentality capable of performing the stated function successfully, unless, by so doing, violence to some other patent may be committed. It should never interpret a positively recited generic expression as limited to the precise instrumentality disclosed by the patent, except where such narrow interpretation is necessary to distinguish the claim from the prior

art. In such cases, the courts will always do so in order to uphold the validity of the claim where that is possible."

The patentee did not limit his claim to "a pair of pockets, one standing at an elevation above the former and offset backward therefrom."

[6] The three claims in issue in the patent in suit were allowed as filed. Therefore the defendant's contention that the claims of the patent in suit must be restricted to the specific form of device disclosed and the patentee is estopped from receiving a liberal interpretation to his claims is untenable. Pangborn Corporation v. W. W. Sly Mfg. Co. (C. C. A.) 284 F. 217.

The defendant claims that it is manufacturing its product under Soybel patent, 1,594,025, dated July 27, 1926. This is not the fact. The Soybel patent does not mention a separable false bottom in its device. The defendant has inserted a false bottom in its device. It is not following its patent. Therefore the court is not called upon to decide whether the Soybel patent is a new and novel invention upon the patent in suit, as the defendant's device is not manufactured according to the provisions of the Soybel patent.

[7] The defendant varied the form of the invention but appropriated the substance of the invention to its own use, and is therefore liable for infringement. U. S. Slicing Co. v. Wolf, Sayre & Heller Co., Inc. (D. C.) 249 F. 245; Edwards Manufacturing Co. v. National Fireworks Distributing Co. (C. C. A.) 272 F. 23; National Hollow Brake-Beam Co. et al. v. Interchangeable Brake-Beam Co. (C. C. A.) 106 F. 693.

The patent is valid, and the claims 1, 2, and 3 have been infringed by the defendant. A decree may be entered in favor of the plaintiff. Settle decree on notice.