**EINSON–FREEMAN CO., Inc., v. BOHNIG.**

No. 3445.

District Court, E. D. New York.

May 28, 1930.

Schechter & Lotsch, of New York City (John L. Lotsch, of New York City, and James Rosthal, of counsel), for plaintiff.

Chapin & Neal, of Springfield, Mass., and Walter H. Pumphrey, of New York City (Franklin G. Neal, of Springfield, Mass., Edward C. Taylor, of Chicopee Falls, Mass., and Walter H. Pumphrey, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a suit in equity to restrain the alleged infringement of claims 1, 2, and 3 of United States letters patent No. 1,428,226, to Albert J. Ganz granted September 5, 1922, on a display device.

The patent has been assigned to the plaintiff by mesne assignments and plaintiff's title to the patent in suit is not in dispute.

It is claimed that the defendant has infringed claims 1, 2, and 3 of the patent in suit, which read as follows:

"Claim 1. A display device comprising a pair of pockets, one standing above and back of the other, and hinged together so that one may be folded over the other to form a closed package for the contents, said device including a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket."

"Claim 2. A display device comprising a pair of pockets, one standing above and back of the other, and hinged together so that one may be folded over the other to form a closed package for the contents, said device including a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket, and having integral portions forming the sides of both pockets."

"Claim 3. A display device comprising a pair of pockets, one standing above and back of the other, and hinged together so that one may be folded over the other to form a closed package for the contents, said device including a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket, and having integral portions forming the sides of

both pockets and also portions forming the bottom and front wall of the lower pocket."

This patent was the subject-matter of an action tried in this court entitled Einson Freeman Co. v. International Folding Paper Box Co., 21 F.(2d) 701, 703. In said action it was conceded that the Ganz patent No. 1,428,226 was valid and it was denied that claims 1, 2, and 3 had been infringed. In adjudicating the Ganz patent, No. 1,428,226, this court, in Einson Freeman Co. v. International Folding Paper Box Co., supra, defined the invention as follows:

" * * * A display device in which articles may be conveniently shipped and afterwards be opened in a way to display the contents attractively, comprising a pair of pockets, one standing above and back of the other, and hinged together so that they may be folded over the other to form a closed package for the contents; said device being made of a single sheet extending over the back, bottom, and front wall of the upper pocket and the back of the lower pocket, and that, when the container is closed, the articles in each pocket will lie end to end against each other and be carried snugly in the pocket."

There can be no substantial dispute that if the patent is valid it has been infringed by the defendant. The infringement was admitted by defendant's expert, Bentley, who testified as follows:

"Mr. Neal: Q. Do you find, in Plaintiff's Exhibit 8 (the alleged infringing structure), a display device comprising a pair of pockets, one standing above and back of the other and hinged together, so that one may be folded over the other to form a closed package for the contents, the said device including a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket? A. Yes.

"Q. Do you find that that structure includes what I recited and also integral portions forming the sides of both pockets? A. Yes.

"Q. Also portions forming the bottom and front wall of the lower pocket? A. Yes. * * *

"The Court: What is your opinion as to the differences, if any, between the plaintiff's box and the defendant's box?

"Mr. Lotsch: He just admitted that they infringed.

"The Court: Do you say that there are any substantial differences between plaintiff's and defendant's boxes?

The Witness: Well, in my opinion, I don't think there is, although the Patent Office has granted a patent on the defendant's box, but the whole thing in these box patents, in my judgment, is a matter of immaterial and trivial differences.

"The Court: I thought first that the question of infringement was in dispute at the beginning of the trial.

"Mr. Lotsch: No; he just admitted it.

"The Court: As I understand it, the question of infringement is not before the Court.

"Mr. Neal: Your Honor, I will try to state my position just as frankly as I can; but I don't want to get bound up in one of these short addresses. I am certainly not trying to dodge.

"The Court: But the witness' position is, as I understand it, that the plaintiff's box and the defendant's box are substantially the same. Is that what you say?

"The Witness: Why, in substance, yes.

"Mr. Neal: In substance, yes. My position is, we are denying both validity and infringement.

"The Court: Of course, the witness does not agree with you on the question of infringement.

"Mr. Neal: I think perhaps he would agree with me if we went far enough.

"The Court: All right. Proceed.

"Mr. Neal: On the question of infringement, it seems to me that that question is necessarily bound up with the question of validity, and you cannot look at the question of infringement without looking at the question of validity, too. That is as I view it. Now, we are attacking validity. Supposing there is no validity of the patent, the question of infringement disappears. We are bringing up this prior art, and the differences that there are between the prior art and this patent in suit, and whether any of these differences amount to invention. Now, I don't want to get into a technical admission of infringement. No, I want to leave that question until we get the whole case together.

"Mr. Lotsch: Your Honor, I don't like to allow this to go unanswered. Mr. Neal took the patent in suit and took the three claims, claim for claim, and read it to Mr. Bentley, and Mr. Bentley took the exhibit which we charge to be an infringement, and he said he found in that structure, Plaintiff's Exhibit 8, every element of the claims. Now, I say that the question of infringement is in this case by the admission of their own expert.

"Mr. Neal: The same expert, your Honor, found every element in some of these references, so, if you go by the expert alone—

"Mr. Lotsch: I am going to cross examine him on that.

"Mr. Neal: That is the end of the whole case.

"The Court: You may proceed."

At the trial it was stipulated that the defendant was notified of the alleged infringement. It was proven that plaintiff's products were duly marked "Patented" as required by the statute.

The patent in suit relates to an improvement in display devices in the form of a double tier container having a pair of pockets, one standing above and back of the other, in which articles may be conveniently shipped and which may afterwards be opened in a way to display the contents. The device comprises a pair of pockets, one standing above and back of the other, and hinged together so that they may be folded to form a closed package for the contents. The device is so constructed and apportioned that advertising space is provided on the back of the pockets. The device as a whole is so proportioned relatively to the goods displayed that when the container is closed the goods or articles in each compartment are adapted to lie end to end against each other and be carried snugly in the package. Said device is made of a single sheet extending over the back, bottom, and front wall of the upper pocket and back of the lower pocket, and having integral portions forming the sides of both pockets and also portions forming the bottom and front wall of the lower pocket.

The device made under the patent in suit has achieved great commercial success. Millions of boxes have been sold since the grant of the patent. The courts, on numerous occasions, have decided that commercial success of the patented device is strong evidence of utility and patentability. Consolidated Rubber Tire Co. v. Firestone Tire & Rubber Co. (C. C. A.) 151 F. 237; O'Rourke Engineering Construction Co. v. McMullen et al. (C. C. A.) 160 F. 933. The commercial success of plaintiff's device and its adoption by the folding paper box industry is strong evidence to sustain the presumption that what the patentee discovered was new and useful. Eibel Process Company v. Minnesota & Ontario Paper Company, 261 U. S. 45, 43 S. Ct. 322, 67 L. Ed. 523; Kurtz et al. v. Belle Hat Lining Co. (C. C. A.) 280 F. 277; H. D. Smith & Co. v. Peck, Stowe & Wilcox Co.

(C. C. A.) 262 F. 415. Clements Mfg. Co. et al. v. Regina Corp. (C. C. A.) 34 F.(2d) 931.

The defendant claims that it has manufactured its device under the Lambert patent, No. 1,663,765, granted March 27, 1928. It is claimed that the Lambert patent is an improvement over the Ganz patent. According to the claims of the Lambert patent, it is specifically limited to a flap member for holding the two pockets together, such flap member being at the bottom of the rear pocket and inserted into the bottom of the front pocket. The Ganz patent is a display device constructed of a single sheet and having two pockets, one standing above and in back of the other. The Lambert patent states that in the rear pocket there are two rows of merchandise and that the bottom row is for the purpose of making the top row of merchandise visible. It cannot be seriously argued that Lambert invented a two-pocket container. All that Lambert accomplished was a trivial refinement to the Ganz patent relating to the flap member for holding the two pockets in display position. These differences in the claims of the Lambert patent are directed to the flap member only. Defendant's witnesses admitted that Ganz was the first to make the structure as disclosed in his patent.

There is no presumption of noninfringement even though defendant's device was made under the Lambert patent. In Electric Candy Machine Co. v. Morris (C. C.) 156 F. 972, at page 975, the court said:

"It is claimed that the Kochs' patent raises a prima facie presumption that there is a patentable difference between defendant's machine and complainant's machine. But this presumption does not exclude the fact that the later patent may embody things which are the exclusive property of the complainant under a prior patent. In other words, it may be that Kochs' patent contains improvements which this complainant cannot use, but it does not follow that therefore Kochs' patent also absorbs improvements theretofore invented by and patented to complainant's assignors. If, therefore, as the court has found, defendant's machine infringed on certain essential features of complainant's machine, the mere fact that it is constructed in accordance with a subsequent patent issued to another party is no defense. Blanchard v. Putnam, 8 Wall. 420, 19 L. Ed. 433; Norton v. Eagle Co. (C. C.) 59 F. 137."

The prior art patents set up in the answer and amendments to the answer relate to filing cases having one compartment, containers or boxes having one compartment, stationery

containers having one compartment, chests or boxes having a series of shelves, and others provided with slides fitted in grooves to retain the articles in position, and others having various fastening means to hold the articles.

There was produced as a witness, by the defendant, Edward O. Tinsley, expert designer of Robert Gair Company. Mr. Tinsley had been employed for over fifteen years by that company, which was engaged in manufacturing shipping and display containers. Mr. Tinsley, who was skilled in the art, recognized the Ganz patent as new, novel, and useful. He testified as follows:

"By the Court: Q. How did you regard the Ganz box when you first saw it? A. I thought it was a very clever adaptation of a standard folding box.

"Q. Did you or did you not think it was something new or novel? A. I thought it was new; yes, sir.

"Q. Useful, too? A. Yes; new and useful.

"Q. Why? A. For the reasons the previous witness has stated.

"Q. What was your reaction? A. I thought it was very economical; it closed up nicely and made a beautiful shipping case, and it was very easy to operate as a display box by the dealer. The only one or two objections I did see to it was that it required cardboard that was white on both sides—I mean, printing on two sides, that is rather expensive, that one detail. Then I also noticed that it was rather difficult to perform the automatic gluing operation, that it falls off, and in some cases, where the rear section was elevated, the pasting on of the easel is rather an expensive hand operation, too. That was the only thing I could see that militated against it, but I thought it was a very clever and praiseworthy effort."

The problem solved by the Ganz patent was the construction of a display container which occupied little space on the counter in the form of a double-tier container, having a pair of pockets, one standing above and in back of the other, in which articles may be conveniently shipped and which can afterwards be opened in a way to display the contents, and hinged together so that they may be folded over the other to form a closed package for the contents, said device being made of a single sheet extending over the back, bottom, and front wall of the pocket and the back of the lower pocket, and that when the container is closed the article in

each pocket will lie end to end against each other to be carried snugly in the pocket. This invention made it possible to construct a container in such manner as to make it unnecessary to rearrange the merchandise.

The prior art patents set up in the answer and amendments to the answer are as follows: The patent to H. F. Oakes, No. 265,625, granted October 10, 1882; the patent to J. Peterson, No. 558,100, granted April 14, 1896; the patent to B. B. Goldsmith, No. 1,130,811, granted March 9, 1915; the patent to E. M. Skinner, No. 59,086, granted October 23, 1866; the patent to G. L. Born, A. Guttman, G. T. Anderson, and F. C. Vetting, No. 862,606, granted August 6, 1907; the patent to J. M. Clapp, No. 236,934, granted January 25, 1881; the patent to E. E. Pinkerton, No. 1,268,146, granted June 4, 1918; the patent to E. E. Pinkerton, No. 1,337,368, granted April 20, 1920; the patent to R. A. Taylor, No. 1,312,710, granted August 12, 1919; the patent to J. Nelson, No. 134,480, granted December 31, 1872; the patent to L. E. Waldeck, No. 1,236,509, granted August 14, 1917; the patent to I. E. Phelps, No. 1,325,041, granted December 16, 1919; the patent to C. P. Hodgson, No. 1,047,224, granted December 17, 1912; the patent to B. Rosenberg, No. 1,291,161, granted January 14, 1919; the patent to C. L. Kunz, No. 1,008,722, granted November 14, 1911; the patent to E. J. Carter, No. 626,141, granted May 30, 1899; the patent to J. F. Tannatt, No. 361,847, granted April 26, 1887; the patent to O. A. Wolf, No. 1,029,096, granted June 11, 1912; the patent to H. R. Ham, No. 1,094,326, granted April 21, 1914; the patent to Eichorn, No. 1,125,887, granted January 26, 1915; the patent to Singer et al., No. 1,210,008, granted December 26, 1916; and the British patent to Bertram, No. 109,388, granted September 13, 1917, and the Netherlands patent to Bertram, No. 3787, granted September 15, 1919.

The defendant's expert in discussing the prior art patents referred to them as double-duty boxes or two-duty boxes. The Ganz patent relates to something entirely different from the double-duty box or two-duty box and consisted, among other things, of one having two pockets, one standing above and in back of the other.

The defendant's expert testified that of the prior art patents the best reference was the Skinner patent, No. 59,086, granted October 23, 1866. The Skinner patent, No. 59,086, relates to a wooden receptacle made of two pieces. The Ganz patent calls for a sin-

gle sheet. The Skinner patent does not have two pockets, one standing above and in back of the other. The structure is formed of two parts which are hinged together; the upper and lower parts of the case represent a series of shelves. In order to hold the articles in place on the shelves, it is necessary to have specially prepared grooves in the side of the case into which there are fitted slides to rest on the top of the merchandise so as to hold it in position.

The Clapp patent, No. 235,934, relates to an exhibiting case. It is a device having a plurality of removable trays which are set in on a series of shelves. The inclosing case is composed of a base portion and a cover portion hinged together. It is made of two pieces having a plurality of removable trays which are adapted to be fitted into the receptacle. In order to close the case it is necessary to lift the trays out of the cover and place them in the bottom receptacle, otherwise the cover cannot be closed. In the Ganz patent it is not necessary to remove the merchandise to close the box.

The Tannatt patent, No. 361,847, relates to a two-piece hinged wooden receptacle having a cover. The articles must be fastened in order to hold them in position. This is not true of the Ganz patent. In the Ganz patent when the container is closed the articles in each pocket will lie end to end against each other and be carried snugly in the pocket. In the Tannatt patent the device is so constructed that the articles will lie side by side. The Tannatt device has only one pocket and is not adapted as a shipping and display container.

The Born patent, No. 862,606, is a two-part structure made of wood, hinged together, and is provided with a plurality of shelves each one standing above the other. Born does not disclose a shipping and display container having two pockets one above and in back of the other. It fails to show a container when closed with the articles in each pocket lying end to end and carried snugly in the pockets. The merchandise will lie side by side and must be held in place by special fastening strips or keeper wires.

The British patent to Bertram, No. 109,-388, relates to a wooden box intended to hold cigars. It has one pocket and a cover and is made of two pieces hinged together.

The Peterson patent, No. 558,100, relates to a packing and show case having one pocket and a cover. Separate fastening means are necessary to hold the merchandise in place. When the cover is opened, the cover

section is immediately above the pocket and not in back of the pocket.

The Hodgson patent, No. 1,047,224, relates to a candy box composed of a main portion and an intermediate portion hinged together, and a hinged cover. Auxilliary covers are necessary to prevent the candy from falling out when the cover is opened. This patent does not disclose two pockets, one standing above and in back of the other.

The Waldeck patent, No. 1,236,509, relates to a display device. It is a box having a cover and does not contain two pockets.

The Browning box was received in evidence to show the state of the art. It contained books which were in the body of the box. In using the device the cover was open and the merchandise was in the pocket.

The Bailey Brown box has only one pocket with a cover which sets directly on the top of the box.

The Taylor patent, No. 1,312,710, relates to a carton and blank therefor. It is a box with a cover. When the lid is opened, the lid section is guided into a position to serve as an easel. It has but one pocket.

The Pinkerton patents relate to boxes adapted to hold elongated articles as perforated rolls for player pianos. The Pinkerton patent, No. 1,268,146, discloses a receptacle having a cover. This cover does not hold any merchandise. The Pinkerton patent, No. 1,337,368, also relates to a box adapted to hold elongated articles. This box is of similar construction but the cover is smaller than in patent No. 1,268,146. Neither of these patents disclose two pockets, one standing above and in back of the other to hold merchandise. These patents do not cover display and shipping containers.

The Phelps patent, No. 1,325,041, relates to a filing cabinet in which envelopes or paper may be readily inserted therein. It has a pocket with a cover. It is not a device having two pockets, one standing above and in back of the other.

The Oakes patent, No. 265,625, relates to a box for letter paper and envelopes. It is a box with a separate hinged cover. Sheets of paper and envelopes are placed in the box and a package of envelopes is contained in a separate receptacle. This structure is not made of one piece and the cover is separately hinged to the box.

The patents above referred to are the only ones considered by defendant's expert. The remaining patents fail to disclose a structure as defined by this court in Einson Freeman

Co. v. International Folding Paper Box Co., supra. Mr. Bentley, defendant's expert, in his testimony admitted that no prior art reference meets the invention as hereinbefore defined, and testified:

"Q. His Honor has defined the invention of the patent in suit as follows: 'A display device in which articles may be conveniently shipped and afterwards be opened in a way to display the contents attractively, comprising a pair of pockets, one standing above and in back of the other, and hinged together so that they may be folded over the other, to form a closed package for the contents, said device being made of a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket, and then when the container is closed, the articles in each pocket will lie end to end against each other and be carried snugly in the pocket.' Will you please state what prior art reference or references you have that meet that specific invention, as defined by Judge Moscowitz. A. I do not now recall the contents of any of these prior boxes which I have referred to. If the contents of the Ganz box are a material matter, that is, if the boxes that make up the contents have to be of such dimensions that they will fit each other when the box is closed, I doubt if I found that in any of the prior patents."

There are four other prior art patents which were considered by this court in the case of Einson Freeman Co. v. International Folding Paper Box Co., supra, as follows:

"The patent to Eichhorn, 1,125,887, was issued January 26, 1915. The invention relates to improvements in collapsible or folding boxes. The box contains but one compartment, and is made from a blank stamped from a single sheet. This is not a patent having a pair of pockets, one standing above and back of the other.

"The patent to Singer et al., 1,210,008, was dated December 26, 1916. This patent relates to a display device comprising two boxes arranged side by side, and secured together by a vertical hinge. Openings or recesses are provided in the two boxes for the purpose of exhibiting the merchandise. A separate cardboard member is secured to the top of both boxes by means of hinged tongues having a locking extension adapted to fit into the top of both boxes. The two boxes are hinged together like a book, and are of the same height, standing side by side. The patent does not in any way show a display device comprising of a pair of pockets, one standing above and back of the other. The

device does not include a single sheet extending over the back, bottom, and front wall of the upper pocket and the back of the lower pocket, and in which the articles will lie end to end and be carried snugly in the package when used as a shipping container.

"The patent to Wolf, 1,029,096, dated June 11, 1912, relates to a display device more particularly adapted to store writing paper and other similar articles when closed. When opened, the contents of the box are positioned so that the entire contents of the box are displayed. The device does not show a pair of pockets, one standing above and back of the other. The device contains a back and a cover. In the drawings there is shown a cover which has a member and the letter h, which the patent states is a strap spaced apart from the body of the cover to permit the goods to be secured to the cover. This device is not the same as the device of the patent in suit. The opening of the cover moves a pair of levers, with the result that the bottom of the box is elevated and therefore the goods in the box are displayed on an inclined plane.

"The patent to Ham, 1,094,326, was dated April 21, 1914. It is almost identical with the Wolf patent. It does not show a pair of pockets, one standing above and back of the other. The patent is directed to a stationary box or the like which has a false bottom, so that the paper in the box may be brought flush with the front edge of the box. When this device is folded, as a shipping package, the paper and envelopes lie one on top of the other, whereas in the patent in suit the articles are in a horizontal line and not folded one on top of the other, but are arranged end to end."

None of the prior art patents cited by the defendant solve the problem of the patent in suit. Therefore, such patents have no effect as anticipating or qualifying or defeating the claims of the patent in suit. In the case of Babcock & Wilcox Co. v. Springfield Boiler Co. (C. C. A.) 16 F.(2d) 964, 969, the court said:

"Prior patents, none of which solved the problem, can have no effect in anticipating, qualifying, or defeating the claims for patent protection of those whose subsequent effort produced success."

None of the prior art patents, unless modified, could perform the function of the Ganz patent. Certainly anticipation cannot be claimed if a device requires modification to make it accomplish that which is to be performed by the patent in suit. "A device re-

lied upon for anticipation is not sufficient, if it requires modification to make it accomplish that which is to be performed by the patent in suit. It may not be redesigned, even by its maker, so as to make it adaptable for the performance of functions accomplished by the new invention. Topliff v. Topliff, 145 U. S. 161, 12 S. Ct. 825, 36 L. Ed. 658." Babcock & Wilcox Co. v. Springfield Boiler Co., supra.

The prior art fails to show the claims of the patent in suit. The Ganz patent involved invention over the prior art. Ganz constructed a display and shipping container in which articles may be conveniently shipped and afterwards be opened in a way to display the contents attractively, and comprising a pair of pockets, one standing above and in back of the other and hinged together so that they may be folded over to form a closed package for the contents, said device being made of a single sheet extending over the back, bottom, and front wall of the upper pocket and the back of the lower pocket, and that when the container is closed the articles in each pocket will lie end to end against each other and be carried snugly in the pocket.

The patent is valid, and the claims 1, 2, and 3 have been infringed.

Decree for plaintiff. Settle decree on notice.